THE STATE OF OHIO, APPELLANT, *v.* ROBERTS, APPELLEE.

[Cite as State v. Roberts (1978), 55 Ohio St. 2d 191.]

(No. 77-530—Decided July 19, 1978.)

*Mr. John E. Shoop,* prosecuting attorney, and *Mr. Richard J. Perez,* for appellant.

*Messrs. Stoneman, Plasco & Bean* and *Mr. Marvin R. Plasco,* for appellee.

O'NEILL, C. J. The issue before this court is as follows: When a witness testifies against the accused at a preliminary hearing and is not cross-examined, and the witness is later shown to be unavailable to testify at the trial, may the prosecution introduce the witness' recorded testimony pursuant to R. C. 2945.49?

The confrontation clause of the Sixth Amendment to

the Constitution of the United States, which applies to the states by virtue of the Fourteenth Amendment, *Pointer* v. *Texas* (1965), 380 U. S. 400, requires that "[i]n all criminal prosecutions, the accused shall * * * be confronted with the witnesses against him * * * ." Although confrontation serves the subordinate function of letting the jury see the witness' demeanor, its main purpose is to guarantee the accused the right to cross-examine. See *Mattox* v. *United States* (1895), 156 U. S. 237. It has even been said that the right to cross-examine and the right of confrontation are "the same right under different names." 5 Wigmore on Evidence, 155, 158, Section 1397 (Chadbourne Ed. 1974). Thus, if a witness who is unavailable to testify in a criminal trial has already testified against the defendant, subject to cross-examination, in a judicial proceeding concerning substantially the same issues, the main concern of the confrontation clause is satisfied, and the state may introduce the witness' prior recorded testimony. See *Mattox, supra;* Wigmore, *supra,* 90, Section 1386. If, however, the witness is available, then the state must still produce him in person so as to serve the additional purpose of showing his demeanor to the jury. See *Mattox, supra;* Wigmore, *supra,* 154, Section 1396; cf. *New York Central R. R.* v. *Stevens* (1933), 126 Ohio St. 395, 185 N. E. 542. If the witness is outside the court's jurisdiction, and if the prosecutor knows his whereabouts, the state may introduce his prior recorded testimony only after proving that it made a good-faith effort to obtain his actual presence. *Barber* v. *Page* (1968), 390 U. S. 719.

In the instant cause the appellee argues that the state failed to show a good-faith effort to produce the witness in person, as required by the rule in *Barber.* But in *Barber,* the government knew where the absent witness was. In the instant cause, the reason for the witness' unavailability was not that she was at some known location beyond the court's power of subpoena, but that her whereabouts were entirely unknown; and it is recognized that a witness who has disappeared from observation is unavailable for purposes of the confrontation clause. Wigmore, *supra,* 215, Section 1405,

and cases therein cited. As a matter of state law, R. C. 2945.49, authorizing the use of prior recorded testimony "whenever the witness * * * cannot for any reason be produced," is broad enough to cover instances where the witness has disappeared.

The burden was on the state to show that the witness was unavailable by reason of her disappearance. Wigmore says that "such a disappearance is shown by the party's *inability to find* [the witness] after diligent search," but *New York Central R. R.* v. *Stevens, supra,* at page 405, suggests that in Ohio it is sufficient if the proponent of the prior testimony shows that "by diligence * * * [the witness'] attendance could not have been procured," at least in a civil case.

We see no reason not to follow the same rule in a criminal proceeding. We hold that in the present cause, the trial judge could reasonably have concluded from Mrs. Isaacs' *voir dire* testimony that due diligence could not have procured the attendance of Anita Isaacs. The last definite word of Anita's whereabouts was that she was in San Francisco in April or May of 1974. Later, her parents learned that she was "traveling" somewhere outside Ohio. From this the trial judge could reasonably infer that Anita had left San Francisco, and that it would have been fruitless for the prosecution to have contacted the San Francisco social worker in order to locate Anita. Therefore, the trial judge could properly hold that the witness was unavailable to testify in person.

Nevertheless, the trial court erred in admitting the testimony. As noted earlier, prior recorded testimony of an unavailable witness is admissible against a criminal defendant only if the testimony was given subject to cross-examination by the defendant in a judicial proceeding concerning substantially the same issues. The issues at the trial and the issues at the prior proceeding must be similar enough so that the cross-examination to which the defendant was subjected at the earlier proceeding can be held adequate for purposes of the trial.

In the cause at bar, the basic factual issues—*e. g.*,

whether the defendant had stolen the credit cards—were the same. The ultimate factual issues, however, were quite different. At trial, the ultimate issue was the defendant's guilt beyond a reasonable doubt. At the preliminary hearing, in contrast, the ultimate issue was whether there was probable cause to believe that a crime had been committed and that the defendant had committed it. The difference in the ultimate object of proof makes a great difference in the defense attorney's strategy. At trial, defense counsel will cross-examine whenever he may be able to raise a reasonable doubt of the defendant's guilt. Therefore, he will often cross-examine extensively both as to the material elements of the crime charged and also for impeachment purposes. At a preliminary hearing, on the other hand, there is seldom any hope that cross-examination will persuade the judge not to bind the defendant over, and the danger of disclosing unfavorable facts to the prosecution makes extensive cross-examination risky. As the court said in *Government of the Virgin Islands* v. *Aquino* (C. A. 3, 1967), 378 F. 2d 540, 549, "The fear of adding to the government's case by extensive cross-examination weighs heavily on a defendant's counsel at a preliminary hearing, where much of the government's case still remains in doubt * * *. Everyday experience confirms the difference [between trial and preliminary hearing], for it is rare indeed that on a preliminary hearing there will be that full and detailed cross-examination which the witness would undergo at the trial. Credibility is not the issue at a preliminary hearing as it is in a trial. All the arts of cross-examination which are exerted to impair the credibility of a witness are useless in a preliminary hearing." See, also, *California* v. *Green* (1970), 399 U. S. 149, 189 (Brennan, J., dissenting).

Thus, the restriction of the factual issue at preliminary hearing restricts the scope of the cross-examination which defense counsel can prudently conduct. Therefore, the mere opportunity to cross-examine at the preliminary hearing can not be said to afford confrontation for pur-

poses of the trial. Accordingly, we hold that, where a witness, who testified against the defendant at preliminary hearing and was not cross-examined is later unavailable to testify at the trial, the Sixth Amendment precludes the state's use of the witness' recorded testimony, notwithstanding R. C. 2945.49.

The holding in *Barber* v. *Page, supra,* requires this result. In that case, the defendant was on trial in Oklahoma for armed robbery. The state's main evidence was the recorded testimony which a certain witness had given at the preliminary hearing. The defendant's attorney had not cross-examined at the hearing. Since the witness was in prison in Texas at the time of the trial, and since the prosecution had made no effort to produce the witness in person, the United States Supreme Court held that the introduction of his prior recorded testimony violated the defendant's right of confrontation. The state argued that the defendant had waived his right to confront the witness by not cross-examining at the hearing, but the court held, at page 725, "That contention is untenable. Not only was petitioner unaware that * * * [the witness] would be in a federal prison at the time of his trial, but he was also unaware that, even assuming * * * [the witness'] incarceration, the State would make no effort to produce * * * [the witness] at trial. To suggest that failure to cross-examine in such circumstances constitutes a waiver of the right of confrontation at a subsequent trial hardly comports with this Court's definition of a waiver as 'an intentional relinquishment or abandonment of a known right or privilege.' "

The later case of *California* v. *Green, supra,* does not hold otherwise. There, a 16 year-old witness named Melvin Porter sold marijuana to an undercover agent, and then named Green as his supplier. Green was charged with selling to a minor. Porter testified at preliminary hearing, and was cross-examined. At trial, Porter again testified, but was evasive and uncooperative. So the prosecutor introduced Porter's prior testimony under a statute allow-

ing statements that would otherwise have been admissible only for impeachment to be introduced also for the truth of the matter asserted. Green was convicted, and the California Supreme Court reversed, holding that the statute was unconstitutional under the confrontation clause.

The United States Supreme Court reversed, holding that the use of the prior testimony did not violate the Sixth Amendment because the declarant was available in person at the trial itself to be cross-examined as to his earlier statement. Thus, the case does not directly concern witnesses who are unavailable to testify at the trial in person. The opinion includes a dictum upon which the appellant in the present cause argues that the mere opportunity to cross-examine at preliminary hearing will always satisfy the confrontation clause.[2] The dictum, however, must be interpreted in light of the facts. The preliminary hearing in *Green* was quite atypical in that the witness' "story * * * was subject to extensive cross-examination by * * * [defendant's] counsel." *Green, supra,* at page 151. Thus,

---

[2]"We also think that Porter's preliminary hearing testimony was admissible as far as the Constitution is concerned wholly apart from the question of whether respondent had an effective opportunity for confrontation at the subsequent trial. For Porter's statement at the preliminary hearing had already been given under circumstances closely approximating those that surround the typical trial. Porter was under oath; respondent was represented by counsel—the same counsel in fact who later represented him at the trial; respondent had every opportunity to cross-examine Porter as to his statement; and the proceedings were conducted before a judicial tribunal, equipped to provide a judicial record of the hearings. Under these circumstances, Porter's statement would, we think, have been admissible at trial even in Porter's absence if Porter had actually been unavailable, despite good-faith efforts of the state to produce him. That being the case, we do not think a different result should follow where the witness is actually produced.

"* * * If Porter [the witness] had died or was otherwise unavailable, the Confrontation Clause would not have been violated by admitting his testimony given at the preliminary hearing—the right of cross-examination then afforded provides substantial compliance with the purposes behind the confrontation requirement, as long as the declarant's inability to give live testimony is in no way the fault of the State." *California* v. *Green* (1970), 399 U. S. 149, at pages 165-66.

the case goes no further than to suggest that cross-examination actually conducted at preliminary hearing *may* afford adequate confrontation for purposes of a later trial. In the instant cause, of course, the witness was never cross-examined.

Because the Court of Appeals correctly held that the use of the witness' prior recorded testimony infringed the appellee's Sixth Amendment right of confrontation, its judgment will be affirmed.

*Judgment affirmed.*

W. Brown, P. Brown and Sweeney, JJ., concur.
Herbert, Celebrezze and Locher, JJ., dissent.

Celebrezze, J., dissenting. The majority concedes that the trial judge properly held that the witness was unavailable to testify. Nevertheless, the majority concludes that the trial court erred in admitting in evidence the prior recorded testimony presented by this witness during the preliminary hearing, at which appellee and his attorney were present. This rather incongruous result is reached by indulgence in conjecture relative to the trial tactics of defense counsel, and is supported only by the highly subjective opinion that "* * * the mere opportunity to cross-examine at the preliminary hearing can not be said to afford confrontation for purposes of the trial."

The decision of the majority is not compelled by either *Barber* v. *Page, supra,* or *California* v. *Green, supra.* The holding in *Barber* was obviously based upon the state's failure to make a good-faith effort to produce its witness at trial, since the high court recognized that "* * * there may be some justification for holding that the opportunity for cross-examination of a witness at a preliminary hearing satisfies the demands of the confrontation clause where the witness is shown to be actually unavailable * * *." *Barber,* at pages 725-726. Similarly, in the course of holding that the confrontation clause was not violated by ad-

mission in evidence of the prior recorded testimony of a later reluctant witness, the Supreme Court, in *California* v. *Green, supra,* at page 165, observed that "* * * respondent had every opportunity to cross-examine * * * [the witness] as to his statement." Furthermore, in *Pointer* v. *Texas, supra,* wherein the high court held that the prior recorded testimony of an unavailable witness could not be admitted in evidence at trial because counsel had not been appointed to assist the defendant at the preliminary hearing, it was noted that "* * * [t]he case before us would be quite a different one had * * * [the witness'] statement been taken at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine." *Pointer,* at page 407.

In my opinion the Sixth Amendment to the United States Constitution does not prohibit, under the facts of the instant cause, the admission in evidence of the witness' recorded testimony. As was stated in *United States* v. *Allen* (C. A. 10, 1969), 409 F. 2d 611, 613, "* * * the test is the opportunity for full and complete cross-examination rather than the use which is made of that opportunity. * * * The extent of cross-examination, whether at a preliminary hearing or at a trial, is a trial tactic. The manner of use of that trial tactic does not create a constitutional right."

Accordingly, I would reverse the judgment of the Court of Appeals.

HERBERT and LOCHER, JJ., concur in the foregoing dissenting opinion.