344

The State of Ohio, Appellee, v. Smith, Apellant.

(No. 78-437—Decided June 13, 1979.)

346

*Mr. Simon L. Leis, Jr.*, prosecuting attorney, *Mr. Leonard Kirschner, Mr. Thomas P. Longano* and *Mr. Joseph G. Carr*, for appellee.

*Mr. Robert L. Gensler* and *Ms. Beatrice V. Larsen*, for appellant.

*Per Curiam.* Appellant raises two objections to the use of the preliminary hearing testimony of Coffman: (1) the testimony is precluded by the confrontation clause of the Sixth Amendment to the United States Constitution; and (2) the testimony is not admissible because the witness was not proved to be unavailable to testify at the trial.

We have recently held in *State v. Roberts* (1978), 55 Ohio St. 2d 191, that the testimony under oath of a material witness at the preliminary hearing may not be used against a defendant at the trial where there was no cross-examination at the preliminary hearing, despite the fact that the witness is proved to be unavailable to testify at the trial. The use of such testimony was held to violate the Sixth Amendment to the United States Constitution. *Roberts* left open the question of whether the preliminary hearing testimony of an unavailable witness is precluded by the Sixth Amendment when counsel for defendant cross-examines the witness at the preliminary hearing. Citing *California v. Green* (1970), 399 U. S. 149, the writer intimated that adequate cross-examination may satisfy the confrontation clause of the Sixth Amendment and make the testimony admissible at a later trial.

The principle set forth by the court in *Roberts* is fully

applicable to this cause. At all events, the cross-examination by assigned counsel at the preliminary hearing five days after the arrest was of no more value than no cross-examination at all. There was no meaningful cross-examination of Coffman concerning where she first met defendant or of the particulars surrounding consent or lack thereof. As Chief Justice O'Neill stated in *Roberts,* the issue at the preliminary hearing differs greatly from that at trial. Counsel has little, if any, opportunity to effectively cross-examine a witness about the details that tend to indicate whether the witness is telling the truth. It would make little sense to hold that brief, unprepared cross-examination at the preliminary hearing meets Sixth Amendment standards while the total lack of cross-examination does not. One consequence of such distinction would be that defense counsel would be forced to either waive cross-examination entirely at the prelminary hearing or to insist upon an opportunity to cross-examine at great length.

Thus, the *Roberts'* rule includes preclusion of an unavailable witness' testimony at the preliminary hearing where the record shows that the witness was cross-examined only briefly and ineffectively.

The state also failed to establish that Coffman was unavailable to testify at trial. Prior to the commencement of the trial on December 3, 1976, defense counsel specifically raised the question of the availability of the prosecuting witness to testify, being concerned with the possibility of the use of the witness' recorded testimony pursuant to R. C. 2945.49. He pointed out that the trial was originally set for November 29, and continued until December 3, for the reason that the prosecuting witness was not present on November 29, 1976. (That fact is not otherwise established in the record.) The court requested the prosecutor to clarify the situation. The prosecutor stated that a subpoena had been issued for Coffman for November 29, and that she did not show up. He said that he had had "Cincinnati police officers * * * and other individuals looking for her," that they had gone to her address, and that she did not live at the address where she said she lived during grand jury

testimony, or at her prior address. He said further that they had been unable to locate her; he argued that the state could use her testimony if she was unavailable for any reason, concluding that "I don't know why this girl is not here today, but it could be for a good reason as equally as it could be for a bad one." After further argument by defendant concerning the fact that a subpoena was not issued to compel Coffman's presence on December 3, the trial court concluded that it was satisfied that the prosecutor had made an effort to have her at trial and that she was unavailable within the purview of R. C. 2945.49. There was no sworn testimony as to efforts made by the state to secure her presence at the trial and obviously the prosecutor was relying primarily on hearsay information concerning attempts to find her, the prosecutor not having conducted the search personally.

The Court of Appeals held in effect that the defendant waived any right to have the state establish the unavailability of the witness by proper testimony, rather than hearsay statements not under oath by the prosecutor, by failure to specifically request that the prosecutor's statements be substantiated by witnesses under oath subject to cross-examination.

The right to cross-examine and confront a key prosecution witness at trial is an important constitutional right that is subject to express rather than implied waiver. To show unavailability, the state has the burden of proving that by diligence the witness' attendance could not have been procured. See *State* v. *Roberts, supra,* at page 195. The evidence produced by the state must be based on the personal knowledge of witnesses rather than upon hearsay not under oath, at least when unavailability has not been clearly conceded by defendant. The record does not show that defense counsel ever agreed that the state had shown that the witness was unavailable or that the state was diligent in attempting to locate her. In fact, the concluding remark of the prosecutor indicates that her reason for not attending the trial may have been "a bad one." Use of Coffman's preliminary hearing testimony in lieu of her

attendance, confrontation, and cross-examination at trial was improper as her credibility, as yet not properly tested in the adversary system, was so crucial to the outcome. If her absence was for an improper reason, a real injustice may have occurred by use of the preliminary hearing testimony.

The state failed to prove that the prosecuting witness was unavailable and could not be produced at trial by diligent effort; thus, the state did not lay a proper foundation for using her preliminary hearing testimony pursuant to R. C. 2945.49.

Although the state produced sufficient evidence without Coffman's testimony to find defendant guilty of rape beyond a reasonable doubt, the error in admitting the preliminary hearing testimony of Coffman is not harmless. The beneficiary of a federal constitutional error must prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained in order for the error to be harmless. *Chapman* v. *California* (1967), 386 U. S. 18. Harmless error has not been shown beyond a reasonable doubt in this cause, as the testimony of the absent witness was quite important to the state upon the crucial issue of consent.

The judgment of the Court of Appeals is reversed and the cause is remanded for a new trial consistent with this decision.

*Judgment reversed and cause remanded.*

W. Brown, P. Brown, Sweeney and McCormac, JJ., concur.

Celebrezze, C. J., Herbert and Holmes, JJ., dissent for the reasons stated in the dissenting opinion of Celebrezze, J., in *State* v. *Roberts* (1978), 55 Ohio St. 2d 191, 199.

McCormac, J., of the Tenth Appellate District, sitting for Locher, J.