**Preston GLENN, Petitioner–Appellant,**

v.

**William DALLMAN, Supt.
Respondent–Appellee.**

**No. 79–3312.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 26, 1979.

Decided Nov. 6, 1980.

Rehearing and Rehearing En Banc
Denied Feb. 9, 1981.

Gregory L. Ayers, Asst. Franklin County Public Defender, Columbus, Ohio, for petitioner–appellant.

---

Preston Glenn, pro se.

William J. Brown, Atty. Gen. of Ohio, Richard David Drake, Asst. Atty. Gen., Columbus, Ohio, for respondent–appellee.

Before WEICK and KENNEDY, Circuit Judges and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Western Division of the Southern District of Ohio denying the petition of the appellant, Preston Glenn for a writ of habeas corpus. Glenn was indicted by the January term of the Franklin County, Ohio Grand Jury on count one of aggravated burglary in violation of Ohio Revised Code Section 2911.11 and on count two of grand theft in violation of Ohio Revised Code Section 2913.02.

The appellant was tried before a jury and was convicted on both counts. He was sentenced on May 6, 1976, to a term of four (4) to twenty-five (25) years on the aggravated burglary count and a term of six (6) months to five (5) years on the grand theft count, the sentences to run concurrently. The place of confinement was the Ohio State Reformatory. In Glenn's appeal to the State Court of Appeals, the judgment of the trial court was affirmed in a two to one decision. The Supreme Court of Ohio denied Glenn's motion for leave to appeal. (April 29, 1977)

Glenn filed his petition for a writ of habeas corpus against William Dallman, Superintendent, Lebanon Correctional Institution, in the district court on May 15, 1978. His grounds for relief were stated as follows:

1. Petitioner's conviction was obtained in violation of his right to confront and cross examine, guaranteed by the Sixth and Fourteenth Amendments to the Constitution, when during his trial the trial court allowed the preliminary hearing testimony of an absent, adverse witness to be read to the jury over objection.
2. Petitioner's conviction was obtained in violation of his Sixth and Fourteenth Amendment rights to due process and a fair trial when the trial court refused to charge the jury on an essential element of aggravated burglary, the offense for which he was convicted. (Appendix page 83b)

On June 16, 1978, Dallman filed a return of writ denying petitioner's claims. The district judge issued an opinion on August 8, 1978 in which he found Glenn's first claim to be well taken but that the error was harmless beyond a reasonable doubt. He further found that the Appellant's second claim was without merit. Determining that an evidentiary hearing was not required, he entered a judgment dismissing the petition.

Thereafter, on August 18, 1978, Dallman filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Dallman's motion was directed solely to the district court's finding, in the first instance, that the introduction of the preliminary hearing transcript of the testimony of the absent witness constituted a violation of the Confrontation Clause of the Constitution. In this connection he objected to the court's finding that the state had failed to make a "good faith" effort to procure the physical appearance of the witness whose preliminary hearing testimony was offered at trial.

Dallman conceded that, under the facts of this case, where the evidence of guilt was overwhelming, any alleged error would be harmless beyond a reasonable doubt and that, therefore, the judgment dismissing the petition would be correct under any analysis. However, since there is a direct conflict in *Havey v. Kropp*, 458 F.2d 1054 (6th Cir. 1972) and *State v. Roberts*, 55 Ohio St.2d 191, 378 N.E.2d 492 (1978), and the Glenn opinion will stand as a precedent, it would be an appropriate vehicle to resolve the Constitutional issue thus presented.

The district court issued an opinion on September 18, 1978, finding that Dallman's motion to alter or amend the judgment was well taken. Upon consideration, the court held that an evidentiary hearing would be required in order to determine whether the state had made a "good faith" effort to produce the absent witness.

Mevilin Rogers was the witness who testified at the preliminary hearing of Glenn on the indictment and who was absent at the time of trial. A transcript of her testimony at the preliminary hearing was introduced at the trial. The question, thus presented, is whether Glenn was denied the right "to be confronted with the witnesses against him" in accordance with the Sixth Amendment to the Constitution of the United States.

Rogers had testified at the preliminary hearing that she lived at 472 Ellison in Columbus, Ohio, next door to the burglarized house, and, on that date at approximately "eleven. It was before noon" she saw Glenn. She said at this time she saw Glenn "coming back and forth out the back door because I could look right in her window." She saw him carry "a speaker out."

On cross examination she testified that she had never seen Glenn before the occasion in question. She said she gave a description to Mrs. Clark, whose house had been burglarized as follows: " * * * he had on a black cap, long * * * long stringing and I said with a mustache, tall, sort of medium height." From five or six pictures shown her by police, she identified Glenn. She did not see a second person going in and out of the house.[1]

At the evidentiary hearing, held by the district judge to determine the unavailability of Rogers, Glenn called no witnesses and presented no evidence. The state presented Melvin Clark and Donald Searles, a Columbus policeman. Clark, with whom the record indicates Rogers lived at the time of the crime, had previously testified both at the preliminary hearing and at petitioner's trial that he saw petitioner burglarize his neighbor's apartment. Clark was one of two eye witnesses to the crime who actually testified at trial that they saw petitioner commit the burglary. (The other eye witness who testified at trial was Andre Miller.)

At this evidentiary hearing, Clark testified that Rogers, the missing adverse witness, had told him that she was "going to go

to California." According to Clark, Rogers did not leave a forwarding address and never contacted Clark or otherwise informed him of her whereabouts.

Detective Searles, an officer of the Columbus Police Department, testified that he had been the officer assigned to investigate the burglary. In his efforts to locate Rogers, he testified that he had contacted the person with whom she lived but was informed only that she had gone to California and left no forwarding address. Searles also testified that he contacted persons living in the neighborhood but no one was aware of her whereabouts. Finally, Searles testified that he contacted postal authorities but they were also unable to supply a forwarding address.

Based upon the evidence presented at the evidentiary hearing, the district court concluded that petitioner's Sixth Amendment claim was without merit. The court reasoned that, under applicable law, *Mancusi v. Stubbs*, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972). *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), *Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1960), there are two prerequisites, which the state satisfied in this case, to the introduction of prior recorded testimony of an absent witness: (1) the witness' "unavailability" at trial which includes a "good faith effort" by the prosecutorial authorities to obtain the witness' presence; and (2) whether there are sufficient "indicia of reliability" to afford the trier of facts a satisfactory basis for evaluating the truth of the prior statement which includes the adequacy of the cross examination opportunity afforded at either the prior hearing or the trial itself. The district court held that Detective Searles' efforts to locate Rogers satisfied the "good faith effort" requirement. With respect to the second requirement, which focuses upon the adequacy of prior cross examination opportunity, the district court held that this court's opinion in *Havey v. Kropp*, 458 F.2d 1054 (6th Cir. 1972) warranted finding the opportunity in this case sufficient. In *Ha-*

1. Transcript p. 21.

*vey,* this Court held that while defense attorneys might not normally fully cross examine witnesses at preliminary hearings, the opportunity for unlimited cross examination does exist. Since this opportunity exists, defendants cannot later complain that they did not fully cross examine adverse witnesses at preliminary hearings who do not later appear for trial. The district court in this case recognized that the Supreme Court of Ohio had taken a contrary view from that of this Court in *Havey.* At the time of the district court's decision, the decision of the Ohio Supreme Court in *State v. Roberts,* 55 Ohio St.2d 191, 378 N.E.2d 492 (1978), was pending in the Supreme Court on a petition for writ of certiorari. In this posture, the district court followed *Havey* and dismissed petitioner's action for habeas corpus relief.

In *Ohio v. Roberts,* —— U.S. ——, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the Supreme Court holds that

" * * * when a hearsay declarant is not present for cross examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." *Id.* at 2539.

### 1. Showing of Unavailability

The record in this case is sufficient under *Roberts* to affirm the decision of the district court that Mevilin Rogers was unavailable at trial. Both the state court trial transcript and the evidentiary hearing conducted by the district court below indicate that Detective Searles discussed Rogers' whereabouts with Melvin Clark, the neighbors in the vicinity, and that he checked several times with the Post Office for a forwarding address. As stated by the district court, the effect of Searles' efforts was that he

" * * * followed up what leads he had to Ms. Rogers' whereabouts and learned from the one individual in a position to know, that she had gone to an undetermined destination in California with no forwarding address."

Further, Melvin Clark testified that he had no further contact with Rogers and did not know whether she even did go to California. It may be theorized that law enforcement efforts should have been made to locate Rogers in California. This case, however, appears to fall within the language of the Supreme Court in *Roberts* that

" * * * the great improbability that such efforts would have resulted in locating the witness, and would have led to her production at trial neutralizes any intimation that a concept of reasonableness required their execution." *Id.* at 2544

In sum, Rogers' whereabouts were not known and there was no assurance that she would be found in a place that she could be forced to return to Ohio. (See *Roberts* at 2545)

### 2. Indicia of Reliability

*Roberts* next requires that before a statement of an unavailable witness be admissible, it must be determined to bear adequate indicia of reliability. In *Roberts,* the Supreme Court found adequate indicia of reliability of the testimony of the absent witness.

The Court held that such reliability can be inferred where the testimony falls within a firmly rooted hearsay exception. In *Roberts,* the Court cited the rule that prior trial testimony is admissible upon retrial if the declarant becomes unavailable. The Court found that this rule, together with the fact that defense counsel engaged in the equivalent of significant cross examination at the preliminary hearing satisfied the purposes of the Sixth Amendment confrontation requirement.

In the case at bar, the record indicates that defense counsel did not engage in this degree of cross examination. In a trial hearing to determine the admissibility of

the preliminary hearing testimony of the absent witness, petitioner's counsel testified that her cross examination of Rogers at the preliminary hearing was narrow in scope, that it was conducted solely for the purpose of discovery with limited opportunity for preparation and that it would have been conducted differently if it had been anticipated that the testimony would be introduced at the trial.

This fact is not fatal to the decision of the district court now before this Court. The fact remains that while petitioner's counsel did not exercise her opportunity to fully cross examine the witness, she still had that opportunity. As stated previously herein, this Court specifically held in *Havey v. Kropp*, 458 F.2d 1054 that, when an accused is charged with knowledge of a state statute permitting admission of testimony of unavailable, adverse, witnesses, he cannot be heard to complain because he did not exercise his opportunity to fully cross examine the witness at a preliminary hearing.

With reference to the question of whether the opportunity to cross examine is sufficient, the Supreme Court said in *Roberts, supra* :

"We need not decide whether the Supreme Court of Ohio correctly dismissed statements in *Green* [2] suggesting that the mere opportunity to cross examine rendered the prior testimony admissible * * nor need we decide whether de minimus questioning is sufficient * * *" *Id.* at 2541

This reference to *Green* in the *Roberts* opinion is as follows:

"This passage and others in the *Green* [2] opinion suggest that the *opportunity* to cross–examine at the preliminary hearing–even absent cross–examination–satisfies the Confrontation Clause."

■■■ We conclude that the judgment of the district court should be affirmed in this respect. The record supports the district court's finding that the absent, adverse witness was, indeed, unavailable for trial and

that the state made a good faith effort to produce her at trial. While Glenn's counsel did not engage in a vigorous cross examination at the preliminary hearing, there was the opportunity to do so. In view of the state of the record with reference to opportunity to cross examine, our prior decision in *Havey v. Kropp, supra*, justified that the decision of the district court be affirmed with respect to Glenn's Sixth and Fourteenth Amendment Confrontation rights.

We come now to the claim of the appellant that his

"* * * conviction was obtained in violation of his Sixth and Fourteenth Amendment rights to due process and a fair trial when the trial court refused to charge the jury on an essential element of aggravated burglary,[3] the offense for which he was convicted."

Section 2911.11 of the Revised Code of Ohio, so far as pertinent to this case, is as follows:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in Section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in Section 2913.01 of the Revised Code, or any felony, when any of the following apply:

* * * * * *

"(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present.

"(B) Whoever violates this section is guilty of aggravated burglary, a felony of the first degree."

At the conclusion of the trial judge's instructions to the jury, counsel for appellant requested the judge to instruct the jury that the language "in which at the time any person is present or likely to be present" was an element of the offense of aggravated burglary. The trial judge's failure to

---

**2.** *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489.

**3.** Ohio Rev.Code, Sec. 2911.11.

give this instruction is the substance of the appellant's claim violation of his Sixth and Fourteenth Amendment rights to due process and a fair trial.

The District Judge denied this claim of the appellant in the following statement:

"From our review of the cases, it appears to us that the trial court's charge was correct as a matter of Ohio law. *State v. Kilby*, 50 Ohio St.2d 21, 361 N.E.2d 1336 (1977); *State v. Veal*, 48 Ohio App.2d 46, 355 N.E.2d 521 (Ct.App. Franklin Co., 1975). Petitioner's argument, in essence, was that he was denied due process of law because a reasonable jury could have concluded in this case that no person was 'present or likely to be present' and thus the trial court improperly removed this factor from the jury's consideration. Under these facts, however, and as a matter of law in Ohio, that does not appear to be the case. See *State v. Kilby*, 50 Ohio St.2d at 25–26, 361 N.E.2d 1336 (where 'the state proves that an occupied structure is a permanent dwelling house which is regularly inhabited, that the occupying family was in and out on the day in question and that such house was burglarized when the family was temporarily absent,' a 'jury could not reasonably find that no person was present or likely to be present at the time of the burglary')."

Counsel for appellant claims that the District Judge misinterpreted the Ohio Supreme Court's decision in *State v. Kilby*, 50 Ohio St.2d at 25, 26, 361 N.E.2d 1336.

As is previously stated herein, the appellant was convicted of the aggravated burglary count of the indictment and was sentenced to a term of four to twenty–five years. Whether the language in question is an essential element of the crime of aggravated burglary is the essence of this conviction.

"* * * the due process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."

*In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970); See also *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

Whether the language in question is an element of the crime of aggravated burglary is no longer an issue in this case.

Counsel for respondent–appellee in his brief states:

"On April 25, 1979 (some (3) months after the district court dismissed Glenn's petition) the Supreme Court of Ohio issued its decision in *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979). Therein, the Court expressly held that 'present or likely to be present' is an element of the offense of aggravated burglary and the failure to instruct the jury on this element would result in a conviction of the lesser included offense of 'simple burglary.'"

The Court conceded that there was language to the contrary in *Kilby* but stated that it was "merely obiter dicta." *Wilson, supra*, at 60, 388 N.E.2d 745.

Counsel now concedes that, in view of the intervening decision in *Wilson*, it would appear that the appellant's claim may be meritorious. They suggest that this part of the appeal be remanded to the District Judge so that he might reconsider his opinion in the light of the *Wilson* decision.

Counsel for appellant objects to a remand to the District Judge for further consideration in view of the opinion in *Wilson*. We are of the opinion that the District Judge should be given an opportunity to reconsider his decision in the light of the *Wilson* case.

We therefore remand this second point of this opinion to the District Judge for reconsideration accordingly.