THE STATE OF OHIO, APPELLEE, *v.* BRAGG, APPELLANT.

(No. 81AP-72—Decided June 25, 1981.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Joyce S. Anderson,* for appellee.

*Mr. Dennis B. Ehrie,* for appellant.

WHITESIDE, J. Defendant appeals from a judgment of the Franklin County Court of Common Pleas and raises two assignments of error as follows:

"I. The trial court below committed prejudicial error where, over objection of counsel, the court allowed testimony of a prosecution witness, who was allegedly unavailable, without first having laid the proper foundation as to the unavailability of said witness; that the defendant had the same or similar motives to develop testimony; and what efforts the prosecution had made to locate the witness.

"II. The trial court committed plain

error when it charged the jury that the defendant had the burden of proving self-defense by a preponderance of the evidence."

Defendant was charged with murder but was found incompetent to stand trial. After a delay of several years, it was determined that defendant was restored to competency, and the trial proceeded, with defendant contending he acted in self-defense and resulting in a mistrial because the jury was unable to reach a verdict.

At the second trial, the prosecution represented that one of its witnesses was unavailable and, accordingly, was permitted to read the previously recorded testimony at the first trial pursuant to R.C. 2945.49. (Although the prosecution had sought to read the prior testimony of two witnesses, only one was read to the jury.)

Evid. R. 804(B)(1) provides that the prior testimony of a witness may be utilized where the witness is unavailable, providing both parties had ample opportunity when the prior testimony was given for direct, cross or redirect examination as may be applicable.

Here, defendant contends that the witness was not unavailable. Evid. R. 804(A) defines what constitutes unavailability of a witness, with the provision possibly applicable to this case being 804(A)(5), which states that a witness is unavailable if he "is absent from the hearing and the proponent of his statement has been unable to procure his attendance * * * by process or other reasonable means."

Defendant relies upon State v. Roberts (1978), 55 Ohio St. 2d 191 [9 O.O.3d 143], reversed (1980), 448 U.S. 56 [17 O.O.3d 240], and State v. Smith (1979), 58 Ohio St. 2d 344 [12 O.O.3d 313], vacated (1980), 448 U.S. 902, in support of his contention concerning the requirement that the prosecution lay a proper foundation demonstrating the unavailability of a witness before prior recorded testimony

can be used as a substitute for live testimony. Roberts has no application, inasmuch as that case was determined upon other grounds, unavailability having been established by testimony of a witness. In Smith, however, the Supreme Court held that the prosecution had not sustained its burden to show unavailability pursuant to R.C. 2945.49 because: (1) no effort had been made to subpoena the witness for the trial; and (2) no sworn testimony was presented as to efforts made to secure the presence of the witness at trial. In Smith, the prosecutor made a statement as to the efforts his office had made to secure attendance of the absent witness, which the Supreme Court found insufficient, sworn testimony being required. Also, the Supreme Court held that the failure of the defense counsel to specifically request that the prosecutor's unsworn statement be substantiated by witnesses under oath did not constitute a waiver of the requirement that the state properly establish the unavailability of the witness.

While there are certain similarities between this case and Smith, there are also certain differences. Here, unfortunately, at trial the prosecutor merely made a statement as to the unavailability of the witness, stating:

"* * * we did make every effort to locate this witness, and we subpoenaed her at the last known address on three or four occasions. Each of those subpoenas was returned. I had an investigator from our staff attempt to locate this witness for a period of about a month prior to this trial date. He was unsuccessful. I did use the phone number that Mr. Ehrie has given to me as a possible lead on this witness. Mr. Ehrie and myself both tried to contact this witness by using that phone number. We were unsuccessful."

Prior to trial, the prosecutor had made a motion to utilize the prior testimony of two witnesses. At that time, defense counsel objected and suggested a telephone number of another party with whom one of the witnesses lived and who

might know the whereabouts of the other. Since one of the witnesses did testify, presumably the lead from the defense counsel resulted in obtaining live testimony from that witness. As to the other, however, the statement of the prosecutor was that both he and defense counsel (Mr. Ehrie) attempted to locate the missing witness and were unable to do so. Defense counsel at that time did not dispute the prosecutor's statement. Rather, at the hearing immediately prior to trial, defense counsel had in effect conceded the witnesses were unavailable, stating that, until he had obtained a telephone number of a person with whom one of the witnesses was living (the one who testified at the second trial), he was unable to find the witnesses. Defense counsel specifically stated as follows:

"Frankly, up until about that time — and I want to be equally candid with this — my best impression was that the two ladies were, to use the phrase, had gone to the hills; and no one was sure whether they meant the hills of another state or the hills of southern Ohio, but that was the comment made: That they had left the scene, that they did not want anything further to do with the situation, which puts the burden upon Mr. Hardymon and the prosecution in this case."

Defense counsel contended, however, that, as a result of his obtaining the telephone number, both witnesses were available. However, the statement of the prosecutor indicated that both his and defense counsel's calling that number were fruitless insofar as obtaining the whereabouts of the missing witness. Strictly following *Smith,* the statement of the prosecutor is inadequate standing alone. However, there is some acquiescence by defense counsel as to the factual assertions made by the prosecutor, insofar as difficulty of locating the witness. In addition, the second factor missing in *Smith* is present in this case. Several subpoenas were issued but were unable to be served because the witness could not be found. The record reflects, consistent with the prosecutor's statement, that both the prosecutor and defense counsel made unsuccessful efforts to subpoena the witness. This meets the requirement of Evid. R. 804(A)(5), which was not considered by the Supreme Court in *Smith* since it was not yet effective. Several efforts to subpoena a witness at different addresses is indicative that the proponent of the witness' testimony has been unable to secure attendance of the witness by process.

This is to be contrasted with *Smith,* wherein the prosecutor had successfully had a subpoena served upon the witness less than a week prior to the trial date for another hearing, but the witness failed to appear. Here, there were repeated efforts to subpoena the witness, but none of the subpoenas was served upon the witness because she could not be found. The record also reflects that subpoenas issued for the attendance of the same witness at the first trial had been successfully served, and the witness appeared and testified.

Accordingly, we find this case to be distinguishable from *Smith* in that there were unsuccessful efforts to secure attendance of the witness by process, meeting the requirement of Evid. R. 804(A)(5), which was not applicable in *Smith,* and because there was a limited concession by defense counsel that attendance of the witness could not be secured at least without extraordinary effort.

R.C. 2945.49 involved in *Smith* differs somewhat from Evid. R. 804 in that the statute required that, before prior recorded testimony could be utilized, it must be demonstrated that the witness' either had died or become incapacitated, or could not be produced at trial. Thus, there was a burden upon the person seeking to utilize the prior recorded testimony to demonstrate that he could not produce the witness at trial. Under Evid. R. 804(A)(5), it is necessary only that it be

demonstrated that the witness is not at the trial, and the party offering the statement has been unable to procure attendance of that witness by process or other reasonable means.

Accordingly, we find that this case is distinguishable from *Smith, supra,* and that the first assignment of error is not well taken.

By the second assignment of error, defendant contends that the trial court erred in charging the jury that defendant had the burden of proving self-defense by a preponderance of evidence. R.C. 2901.05 has been amended to affirmatively place such a burden upon the defendant. Accordingly, there was no error; and, additionally, even if there were, application of Crim. R. 30 precludes defendant from raising this issue on appeal since he did not raise it at trial.

For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY and MOYER, JJ., concur.