OPINION
Defendant-appellant Donald Coma appeals two convictions which were entered in the East Liverpool Municipal Court after a jury trial. For the following reasons, appellant's conviction of Using a Firearm while Intoxicated is affirmed, and his conviction of Criminal Damaging is reversed and remanded.
 STATEMENT OF FACTS
On September 20, 1998 at approximately 3:30 a.m., East Liverpool Police received a call regarding car tires that had been slashed. Officers Long and Ward responded. As the complainants were being questioned, the officers heard the cycling of a shotgun. They then noticed appellant standing in front of his house, two doors down, holding a twelve gauge shotgun. The officers drew their weapons and repeatedly yelled for appellant to drop the weapon. Finally, appellant complied. The officers noticed that appellant smelled strongly of alcohol and had been swaying as he stood with the gun in his hand. Appellant admitted that he had been drinking.
Appellant was then arrested and charged with the following offenses: Criminal Damaging for slashing three car tires; Use of a Firearm While Intoxicated; Public Intoxication; Obstructing Official Business; and Aggravated Menacing for an incident that occurred at the police station. Appellant filed a motion to suppress alleging that he and his weapon were unlawfully seized on his property. After the suppression hearing, the court denied appellant's motion.
The case was tried to a jury on January 21, 1999. Prior to the case going to the jury, the court dismissed the Public Intoxication charge. The jury then acquitted appellant of Aggravated Menacing and Obstructing Official Business and convicted him of Criminal Damaging and Using a Firearm while Intoxicated. On the Criminal Damaging offense, a second degree misdemeanor, appellant was sentenced to ninety days in jail with seventy days suspended and ordered to pay restitution for replacement tires. On the Using a Firearm while Intoxicated offense, a first degree misdemeanor, appellant was sentenced to one hundred eighty days in jail with ninety days suspended and three years of supervised probation. Appellant unsuccessfully moved for acquittal or a new trial. The within timely appeal followed.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error provides:
 "THE TRIAL COURT COMMITTED PLAIN PREJUDICIAL ERROR BY ADMITTING THE FORMER TESTIMONY OF JAMES FRANKLIN, WHO WAS PROPERLY SERVED A SUBPOENA, YET FAILED TO APPEAR AT TRIAL, PURSUANT TO EVIDENCE RULE 804 (A) (5) AND [(B) (1)].
 THE TRIAL COURT DENIED THE APPELLANT HIS RIGHT TO CONFRONT HIS ACCUSERS AS GUARANTEED BY THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES."
At the suppression hearing, James Franklin testified that he woke to the sound of air rushing from a car tire. When he looked out of the window, he saw appellant (his neighbor) stab another tire. He testified that when he yelled to appellant, appellant complained about vehicles parked on the sidewalk. Prior to trial, James Franklin was personally served with a subpoena to testify. However, he failed to appear at trial. From reading the transcript, it appears that off the record discussions were had regarding his absence. The court then allowed his testimony from the suppression hearing to be read to the jury. Appellant now argues that his constitutional right to confront his accuser was violated when the court allowed this testimony to be read to the jury.
Pursuant to Evid.R. 804 (B) (1), former testimony of a now-unavailable declarant may be admitted as an exception to the ban on hearsay provided the party against whom the testimony is offered had a previous opportunity and similar motive to develop the testimony. For these purposes, a declarant is unavailable if absent from the hearing and the proponent of the testimony has been unable to procure the declarant's attendance by process or other reasonable means. Evid.R. 804 (A) (5).
In order to preserve a defendant's rights under the Confrontation Clause, a two-prong test is utilized to determine the admissibility of a witness's former testimony in situations such as this. State v. Keairns (1984), 9 Ohio St.3d 228, 230, citing Ohio v. Roberts (1980), 448 U.S. 56. First, it must be demonstrated that the witness is unavailable by establishing that reasonable efforts were made in good faith to secure the witness's presence at trial. Id. Second, the former testimony must bear sufficient indicia of reliability. Id.
When proving unavailability of a state witness, the state bears the burden of placing evidence on the record that it utilized reasonable efforts to locate the witness. "The evidence of unavailability `must be based on the personal knowledge of witnesses rather than upon hearsay not under oath, at least when unavailability has not been clearly conceded by defendant.'" Id.
at 232, quoting State v. Smith (1979), 58 Ohio St.2d 344.
In Keairns, the prosecution made representations that a subpoena was issued for the witness, that the witness was not present, and that the Sheriff had been asked to continue searching for the witness. The Court held that these representations were insufficient to establish unavailability since a showing of unavailability must be based on testimony of witnesses rather than hearsay. The Court pointed out that the defendant did not concede unavailability. The Court also noted that "the mere statement that a `continued search' had been made lacks sufficient particularity to enable the court to determine what steps had been taken and whether they were reasonable."Keairns, supra at 232.
In Smith, the prosecutor stated that a subpoena had been issued for the witness, that police were looking for her, and that she did not live at her prior address. The Court found these representations by the prosecutor to be insufficient to support a finding of unavailability. Smith, supra at 348. In State v.Madison (1980), 64 Ohio St.2d 322, the Court found sufficient evidence of unavailability where the state offered testimony establishing that it visited the witness's last known address, sent out a nationwide bulletin and contacted her parents, employer, jails and morgues. The key is the offering of testimony.
In the case at bar, the court stated on the record that a subpoena had been personally served. However, we do not have this subpoena in the record before us. When it denied appellant's motion for a new trial, the court stated, "The State had the police searching for this witness to no avail." Any representation by the prosecution about police searching must have been made in the off the record discussion because the prosecution offered no sworn testimony on its efforts to find the witness.
The record does not establish that appellant conceded to unavailability. See State v. Robinson (July 10, 1998), Mahoning App. No. 94 CA 42, unreported, 3 (holding that the defendant conceded unavailability where his lawyer stated on the record that he did not challenge the sufficiency of the state's efforts to locate the witness). Appellant's attorney failed to timely object on the record to the reading of the testimony. Although there is no objection on the record prior to the reading of the testimony, the record does contain a renewal of an objection to the reading of the suppression transcript. Nonetheless, appellant contends that even under a plain error analysis, his convictions should be reversed. The state failed to submit an appellate brief.
A plain error is one that affects substantial rights, i.e. it is not harmless. Crim.R. 52 (A) and (B). The beneficiary of a federal constitutional error must prove beyond a reasonable doubt that the error complained of did not contribute to the verdict in order for the error to be harmless. Keairns, supra at 232-233, citing Chapman v. California (1967), 386 U.S. 18.
We agree that the reading of the former testimony to the jury constituted plain and prejudicial error with regard to appellant's conviction of Criminal Damaging. The state failed to present the proper evidence of unavailability as mandated inKeairns and Smith. No testimony was presented on the record regarding the state's efforts to locate the witness. James Franklin was the sole witness to the Criminal Damaging offense. His testimony was read into the record as the very first state witness. Although a continuance may have been preferable, the state could have at least held his testimony until the end of its case-in-chief just in case he showed up after the trial had started. Without the testimony of James Franklin, the jury could not have convicted appellant of Criminal Damaging. State v.Johnson (1989), 45 Ohio St.3d 96 (stating that, in order to reverse on plain error, the record must show that but for the wrongful admission of testimony, the jury would have decided differently). Thus, the improper reading of his former testimony was not harmless, and his argument concerning this offense is sustained.
However, the improper reading of the testimony was harmless with regards to the offense of Using a Firearm while Intoxicated. James Franklin testified that after the police arrived, appellant came out of his house with a gun. However, James Franklin was not the only witness to these events. Testimony evidencing that appellant carried a shotgun was also given by two police officers and another bystander. Furthermore, appellant's own witness, his girlfriend, testified that he was carrying the shotgun out to her car so that she could take it to be fixed in the morning. Appellant did not contest the fact that he was carrying the shotgun that night. The other element of this offense is intoxication, and James Franklin gave no testimony on this element. As such, James Franklin's testimony was harmless beyond a doubt and was not prejudicial to appellant's defense concerning the charge of Using a Firearm while Intoxicated.
For the foregoing reasons, appellant's conviction of Using a Firearm while Intoxicated is affirmed. However, appellant's conviction of Criminal Damaging is reversed, and the cause is remanded for further proceedings consistent with this court's opinion and according to law.
Cox, P. J., concurs in part and dissents in part; seeconcurring/dissenting in part opinion, Waite, J., concurs.
 _________________________ JOSEPH J. VUKOVICH, JUDGE