The STATE of Ohio, Appellee,

v.

WORKMAN, Appellant.

[Cite as *State v. Workman,* 171 Ohio App.3d 89, 2007-Ohio-1360.]

Court of Appeals of Ohio,
Third District, Van Wert County.

No. 15-06-09.

Decided March 26, 2007.

John E. Hatcher, for appellant.

Kevin H. Taylor, for appellee.

SHAW, Judge.

{¶ 1} Defendant-appellant Bradley J. Workman, appeals from the July 5, 2006 judgment entry of sentence of the Court of Common Pleas of Van Wert County, sentencing him to three years in prison for his conviction of aggravated burglary in violation of R.C. 2911.11(A)(1).

{¶ 2} This charge stems from events occurring on March 8, 2006, in Van Wert. At approximately 10:00 p.m., Workman went to the home of his former girlfriend Natasha Ringwald, at 1047 Elm Street in Van Wert. Workman went to the front door but found it locked, so he went around to the side of the house. Workman spoke with Ringwald through the bathroom window and asked her to unlock the door so he could come in and retrieve some of his belongings that were in the home. Ringwald told him that he could not come in and should come back another time because she was getting ready to leave for work. However, Workman did not leave and instead forced his way in through the locked back door by kicking the door in and breaking the chain lock fastened on the inside of the door.

{¶ 3} Once inside the home, Workman retrieved his things, and he and Ringwald got into a verbal altercation. Workman also put his hands around Ringwald's neck, choking her and leaving a red mark. Workman then left the premises. He was arrested on March 16, 2006.

{¶ 4} On April 7, 2006, a Van Wert County grand jury indicted Workman on one count of aggravated burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1). At his arraignment on April 12, 2006, Workman entered a written plea of not guilty to the charge.

{¶ 5} This matter proceeded to a jury trial on May 16, 2006. At the close of the state's case, Workman moved for a Crim.R. 29 acquittal, alleging that the evidence was insufficient to sustain a conviction. The court overruled Workman's motion, and the matter proceeded to Workman's case in chief.

{¶ 6} At the close of evidence, the jury found Workman guilty of aggravated burglary as charged. On July 3, 2006, the court held a sentencing hearing and sentenced Workman to three years in prison. The court granted Workman credit for 110 days already served.

{¶ 7} Workman now appeals, asserting three assignments of error.

## Assignment of Error No. 1

The trial court erred in failing to grant the appellant's motion for a directed verdict, pursuant to Crim.R. 29. The evidence is insufficient to establish an essential elements [sic] of the charge.

## Assignment or Error No. 2

The appellant's convictions are contrary to the manifest weight of the evidence.

## Assignment of Error No. 3

The trial court erred in finding that the victim Natasha Ringwald was "unavailable" according to Evidence Rule 804(A).

{¶ 8} Due to the nature of Workman's assignments of error, we elect to address them out of order.

### *Assignment of Error No. 3*

{¶ 9} In his third assignment of error, Workman argues that the trial court erred in finding that Ringwald was unavailable to testify at trial on May 16, 2006, and subsequently admitting Ringwald's testimony from the March 24, 2006 preliminary hearing into evidence.

■■■■ {¶ 10} The trial court has broad discretion over evidentiary rulings, and such rulings will not be reversed on appeal absent an abuse of discretion. *In re Sherman*, 3d Dist. Nos. 05–04–47, 05–04–48, and 05–04–49, 2005-Ohio-5888, 2005 WL 2933064, citing *State v. Lundy* (1987), 41 Ohio App.3d 163, 169, 535 N.E.2d 664. "Abuse of discretion" constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.

{¶ 11} Evid.R. 804 sets forth exceptions to the hearsay rule that apply when the declarant is unavailable:

(A) Definition of unavailability

"Unavailability as a witness" includes any of the following situations in which the declarant:

* * *

(5) is absent from the hearing and the proponent of the declarant's statement has been unable to procure the declarant's attendance (or in the case of a hearsay exception under division (B)(2), (3), or (4) of this rule, the declarant's attendance or testimony) by process or other reasonable means. A declarant is not unavailable as a witness if the declarant's exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of the declarant's statement for the purpose of preventing the witness from attending or testifying.

(B) Hearsay exceptions

The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(1) *Former testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. Testimony given at a preliminary hearing must satisfy the right to confrontation and exhibit indicia of reliability.

{¶ 12} In the present case, the state informed the court on the record during the May 16, 2006 trial that Natasha Ringwald was absent and not available to testify. As a result, the state requested that court allow the transcript of Ringwald's testimony taken at the March 24, 2006 preliminary hearing to be presented to the jury. The state noted that this testimony was subject to cross-examination and therefore argued that Ringwald's testimony was admissible under Evid.R. 804.

{¶ 13} Workman objected to admitting the transcript of the preliminary hearing. Specifically, Workman argued that Ringwald did not meet the condition of being unavailable and that even though she was cross-examined at the preliminary hearing, it was by different counsel than Workman currently had at trial.

{¶ 14} In overruling Workman's objection the court stated as follows:

The Court's position is that under Rule 804(A)(5) of the Ohio Rules of Evidence that this witness is unavailable and that under Evidence Rule 804(B)(1) that in light of her unavailability that the form of testimony is admissible and I am going to overrule the objection and allow the transcript of the Preliminary Hearing to be read into the record for the jury.

{¶ 15} The Ohio Supreme Court has held that a two-part test determines whether admitting hearsay testimony of an unavailable witness violates the criminal defendant's right of confrontation. *State v. Blakely*, 6th Dist. No. L–03–1275, 2006-Ohio-185, 2006 WL 146223, citing *State v. Smith* (1990), 49 Ohio St.3d 137, 144, 551 N.E.2d 190. First, the witness whose testimony is offered must be unavailable. The second prong of the test requires the proffered statement to "bear sufficient indicia of reliability." Id. citing *Ohio v. Roberts* (1980), 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597.[1]

 {¶ 16} The first prong of the test is a rule of necessity. *State v. Keairns* (1984), 9 Ohio St.3d 228, 230, 9 OBR 569, 460 N.E.2d 245. Generally,

---

1. We agree with the following statement from *State v. Blakely*, 6th Dist. No. L–03–1275, 2006-Ohio-185, 2006 WL 146223, ¶ 24, fn. 2: "*Crawford v. Washington* (2004), 541 U.S. 36 [124 S.Ct. 1354, 158 L.Ed.2d 177], abrogated *Ohio v. Roberts* by holding that out-of-court statements by witnesses that are testimonial are barred, under the Confrontation Clause, unless witnesses are unavailable and defendants had prior opportunity to cross-examine witnesses, regardless of whether such statements are deemed reliable by the court. *Crawford* contained strong words of condemnation for the 'reliability' test of *Ohio v. Roberts*. It would thus appear to negate the reliability prong of the *Smith* test. The Ohio Supreme Court has yet to clarify what impact, if any, *Crawford* has on the *Smith* test. Clearly, reliability need no longer be determined as a prerequisite for admissibility to pass muster for the federal right of confrontation. The majority in *Crawford* adamantly stated that, '[w]here testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination.' *Crawford v. Washington* (2004), 541 U.S. 36, 68 [124 S.Ct. 1354, 158 L.Ed.2d 177]. Because, pursuant to *Crawford*, only testimonial evidence triggers the Confrontation Clause, no examination of reliability is required of testimonial evidence—either the witness is unavailable or she is not. 'Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation.' Id. at 69 [124 S.Ct. 1354, 158 L.Ed.2d 177]. * * * 'Whatever else the term ["testimonial"] covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations.' Id. 'Non-testimonial statements, however, continue to be governed by evidence rules on hearsay and by the U.S. Supreme Court's decision in *Ohio v. Roberts*.' *State v. Cook* (2005), 6th Dist. No. WD–04–029, 2005-Ohio-1550 [2005 WL 736671]."

this requires a showing that the declarant is unavailable to testify. Id., citing *Ohio v. Roberts* (1980), 448 U.S. at 65, 100 S.Ct. 2531, 65 L.Ed.2d 597. A witness is not considered unavailable unless the prosecution has made reasonable efforts in good faith to secure his presence at trial. Id., citing *Barber v. Page* (1968), 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255; *Ohio v. Roberts,* supra. This reflects the preference for face-to-face confrontation, which allows demeanor to be observed and the import of the testimony to be more readily comprehended. Id. The proponent of the evidence has the burden of establishing that such efforts have been made. See *State v. Keairns,* 9 Ohio St.3d at 232, 460 N.E.2d 245, citing *Ohio v. Roberts,* 448 U.S. at 75, 100 S.Ct. 2531, 65 L.Ed.2d 597; *State v. Madison* (1980), 64 Ohio St.2d 322, 327, 18 O.O.3d 491, 415 N.E.2d 272. Furthermore, the evidence of unavailability " 'must be based on the personal knowledge of witnesses rather than upon hearsay not under oath, at least when unavailability has not been clearly conceded by defendant.' " *State v. Keairns,* 9 Ohio St.3d at 232, 460 N.E.2d 245, quoting *State v. Smith* (1979), 58 Ohio St.2d 344, 348, 12 O.O.3d 313, 390 N.E.2d 778; *State v. Alexander* (Feb. 19, 1987), 8th Dist. No. 51565, 1987 WL 6800.

█ {¶ 17} Regarding the first prong of the test, we must determine whether the state met its burden of a good faith effort to secure Ringwald's attendance at trial.

{¶ 18} In *State v. Madison,* the prosecution was held to have met its burden of establishing unavailability after offering testimony that it had visited the declarant's last known address, made inquiries of the declarant's employer and mother, sent out a nationwide police bulletin, and made inquiries at area jails and morgues.

{¶ 19} The state here concedes that it offered no testimony of its efforts to find Ringwald. The sole support offered consisted of representations by the state that on May 12, 2006, its attorneys had met with Ringwald to prepare for trial and advised her to be present at trial on May 16, 2006, to testify at 9:30 a.m. The state also advised the court that a subpoena had been issued for Ringwald but that the Van Wert County Sheriff's Office had not been able to serve the subpoena on her. Additionally, the state advised the court that officers from the Van Wert City Police Department had gone to Ringwald's home the morning of trial in an attempt to locate her but received no response.

{¶ 20} The initial subpoena filed by the state for Ringwald to appear at trial on Tuesday, May 16, 2006, was filed with the court only on Thursday, May 11, 2006, at 9:02 a.m. and was received by the sheriff at 10:41 a.m. This timeline gave the sheriff's office only four days to serve the subpoena on Ringwald, two days of which fell on the weekend. Additionally, on May 16, the subpoena was returned and marked "Returning Unex. Could not locate in time for court." Thus it appears as though the only attempt to serve the subpoena may have been on May

16, 2006, the day of trial. On May 19, 2006, a notice of failure of service was filed with the court, stating that service of the subpoena upon Ringwald had failed and that the subpoena had been returned unexecuted because she could not be located in time for court on May 16.

{¶ 21} Furthermore, the issuance of a subpoena alone does not constitute a sufficient effort when other reasonable methods are also available. *State v. Keairns*, 9 Ohio St.3d 228 at 232, 9 OBR 569, 460 N.E.2d 245. The state has offered no explanation as to why steps such as those taken in Madison would not have been reasonable in this case. Unlike the record in Madison, the record before us contains no testimony regarding unavailability and fails to disclose with particularity what steps were taken by the state in order to secure Ringwald's presence at trial. See *Keairns*, 9 Ohio St.3d at 232, 9 OBR 569, 460 N.E.2d 245.

{¶ 22} Finally, Workman did not concede the unavailability of Ringwald and objected to the admission of the transcript of the preliminary hearing on the record, a fact that the state concedes. A showing of unavailability under Evid.R. 804 must be based on testimony of witnesses rather than hearsay not under oath unless unavailability is conceded by the party against whom the statement is being offered. *Keairns*, 9 Ohio St.3d at 232, 9 OBR 569, 460 N.E.2d 245. We find that the prosecutor's representations clearly do not meet this requirement.

{¶ 23} Accordingly, we find that the record in the present case is insufficient to establish the showing of unavailability required by Evid.R. 804 or the Confrontation Clause. See *Keairns*, 9 Ohio St.3d at 232, 9 OBR 569, 460 N.E.2d 245. Furthermore, we do not find that the state's single attempt to serve a subpoena on Ringwald constitutes "reasonable efforts" to secure Ringwald's presence at trial.

{¶ 24} Because the state did not meet the first prong of the two-part test set forth in *State v. Smith*, it is not necessary for us to address the second prong of the test requiring the proffered statement to "bear sufficient indicia of reliability."

{¶ 25} Therefore, Workman's third assignment of error is sustained. Based on our disposition of Workman's third assignment of error, Workman's first and second assignments of error are moot, and we decline to address them. See App.R. 12(C).

{¶ 26} Based upon the foregoing, Workman's conviction is reversed, and the judgment entry of sentence of the Court of Common Pleas of Van Wert County is vacated. This matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

ROGERS, P.J., and PRESTON, J., concur.