THE STATE OF OHIO, APPELLANT, *v.* KEAIRNS, APPELLEE.

[Cite as State *v.* Keairns (1984), 9 Ohio St. 3d 228.]

(No. 82-1808—Decided February 29, 1984.)

*Mr. Lynn Alan Grimshaw,* prosecuting attorney, and *Mr. R. Randolph Rumble, Jr.,* for appellant.

*Messrs. Kimble, Stevens, Young, Clark, Spears & Rodeheffer, Mr. Stephen C. Rodeheffer* and *Mr. Roger L. Clark,* for appellee.

J. P. Celebrezze, J. The Confrontation Clause of the Sixth Amendment and the hearsay rule both restrict the use of statements of a person not present at trial. The hearsay rule, however, is subject to a sea of exceptions. This court is again confronted with the task of mapping these relatively uncharted waters and determining what boundaries the Confrontation Clause imposes upon these exceptions.

Huff's testimony was admitted under Evid. R. 804(B)(1), which allows the use of former testimony when the declarant is unavailable.[1] "Unavailability" is defined as including situations in which the declarant "is absent from the hearing and the proponent of his statement has been unable to procure his attendance * * * by process or other reasonable means." Evid. R. 804(A)(5).

The Confrontation Clause of the Sixth Amendment, made applicable to the states by virtue of the Fourteenth Amendment, *Pointer* v. *Texas* (1965), 380 U.S. 400, provides: "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." This provision is the embodiment of traditional preferences for testimony of a witness who can be cross-examined and who can be observed face-to-face by the trier of fact. See *Mattox* v. *United States* (1895), 156 U.S. 237, 242-243; *Ohio* v. *Roberts* (1980), 448 U.S. 56, 63-64. These preferences of the Confrontation

---

[1] Evid. R. 804(B)(1) provides in pertinent part:

"(B) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

"(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, * * * if the party against whom the testimony is now offered, * * * had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

Clause create certain barriers to the unfettered use of hearsay, although they do not act as an absolute bar.

The United States Supreme Court has set forth a two-part test for the admissibility of hearsay. See *Barber* v. *Page* (1968), 390 U.S. 719; *Ohio* v. *Roberts, supra;* see, also, *State* v. *Madison* (1980), 64 Ohio St. 2d 322 [18 O.O.3d 491]. The first prong of the test is a rule of necessity. Generally, this requires a showing that the declarant is unavailable to testify.[2] A witness is not considered unavailable unless the prosecution has made reasonable efforts in good faith to secure his presence at trial. *Barber* v. *Page, supra.* This reflects the preference for face-to-face confrontation which allows demeanor to be observed and the import of the testimony to be more readily comprehended. Thus, as a predicate to the introduction of hearsay against a defendant in a criminal prosecution, the Confrontation Clause normally requires a showing that the hearsay declarant is unavailable despite reasonable efforts made in good faith to secure his presence at trial.

The second prong requires that the out-of-court statement bear sufficient indicia of reliability. This second requirement is clearly met in the case *sub judice.* Where the evidence falls within a firmly rooted hearsay exception, reliability can be inferred without a showing of particularized guarantees of trustworthiness. *Ohio* v. *Roberts, supra,* at 66. The use of prior trial testimony is one such firmly rooted hearsay exception. See *id.* at 68 and cases cited therein. Thus, the only issue presented here is whether there was an adequate showing of unavailability.

Appellant correctly contends that there are exceptions to the general rule requiring a showing of unavailability. See *Ohio* v. *Roberts, supra,* fn. 7, at 65. In *Dutton* v. *Evans* (1970), 400 U.S. 74, the prosecution was not required to produce or explain the absence of an apparently available declarant. The declarant had made a one-sentence statement implicating his co-conspirator, Evans. The court characterized the possibility that cross-examination in the presence of the jury could have altered the impact of the statement as "remote in the extreme" and "wholly unreal." *Id.* at 89. Furthermore, the testimony was considered to be of "peripheral significance at most." *Id.* at 87. Inasmuch as trial confrontation would not have furthered the truth determining process, it was not mandated by the Confrontation Clause. However, where the import or reliability of an absent declarant's statement is subject to more than remote uncertainty, and such uncertainty could be reduced by the presence of the declarant, the Confrontation Clause requires the prosecution to produce, or show the unavailability of, the declarant whose statement it seeks to introduce.

Appellant maintains that the cross-examination of Huff at the first trial

---

[2] See *Ohio* v. *Roberts* (1980), 448 U.S. 56, 65. See, also, *Dutton* v. *Evans* (1970), 400 U.S. 74, 95-96 (concurring opinion's concern that rule which recognized unavailability as the only necessity allowing the use of hearsay would eliminate practically necessary hearsay exceptions such as those for business records, official statements, learned treatises and trade reports). Appellant has offered no reason other than unavailability of the declarant necessitating use of the hearsay.

negated the need for the usual showing of unavailability. Ensuring the availability of cross-examination is not the only purpose served by the Confrontation Clause, though. In *Roberts,* the Supreme Court specifically stated: "In the usual case (*including cases where prior cross-examination has occurred*), the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant." (Emphasis added.) *Id.* at 65. Unlike the facts of *Dutton,* we cannot say that, under the present facts, the presence of Huff would not have materially aided the jury in comprehending the significance of her testimony. The parties urged differing interpretations of the statements attributed to appellee by Huff.[3] The prosecutor specifically invited speculation as to the meaning of the statements.[4] Furthermore, this testimony cannot be said to be peripheral. The primary thrust of the prosecution's case was that inconsistencies in appellee's behavior were indicative of guilt. Her remark about a threat to the grandchild, when contrasted with her trial defense, was said to be one such inconsistency. Inasmuch as the import of Huff's testimony about appellee's remarks could have been clarified by her physical presence at trial, the Confrontation Clause requires that she be produced, or be shown to be unavailable.

In addition to the constitutional requirement, the express language of Evid. R. 804 requires that the declarant be unavailable in order to use former testimony. Unlike the requirement of the Confrontation Clause, appellant has not brought to our attention any exceptions to the unavailability requirement of Evid. R. 804. While the hearsay rule and the Confrontation Clause protect similar values, they are not identical and their requirements need not be so. *Dutton v. Evans, supra,* at 86. In *State v. Madison, supra,* this court held that the predecessor to Evid. R. 804(B)(1), former R.C. 2945.49, permitted the use of prior testimony upon a showing of unavailability. Similarly, we hold that Evid. R. 804(B)(1) permits the admissibility at trial of former testimony taken at a previous trial upon a showing that the witness is unavailable despite reasonable efforts made in good faith to secure his presence at trial.

Under the facts of this case, both the Confrontation Clause and Evid. R. 804 require a showing of unavailability despite reasonable, good faith efforts

---

[3] The parties differed on whether the meaning of appellee's remarks to Huff was that she had to shoot the deceased because he was threatening the grandchild, or he was threatening the grandchild, but it was the threat to appellee that necessitated the shooting.

[4] In closing argument, the prosecutor stated:

"Why did she call Marsha Huff? Why did she want Fred Tindall? * * * Now, is that indicative of a loving wife who's just shot her husband in self-defense and is worried and concerned about him, or is that indicative of a person who purposely killed another and would like to cover it up, if possible?

"'* * * I had to kill him, he was trying to kill me * * *'. That's what Maxine is saying now. What did she say then? She told Marsha Huff she had to kill Jack, that Jack was threatening the baby.''

to secure the witness' attendance. The prosecution, as proponent of the evidence, has the burden of establishing that such efforts have been made. *Ohio* v. *Roberts, supra,* at 75; *State* v. *Roberts* (1978), 55 Ohio St. 2d 191, 195 [9 O.O.3d 143]; *State* v. *Madison, supra,* at 327. In *Madison,* the prosecution offered testimony establishing that it had made visits to the declarant's last known address, made inquiries of the declarant's employer and mother, sent out a nationwide police bulletin, and made inquiries at area jails and morgues. The prosecution was held to have met its burden of establishing unavailability. In *State* v. *Smith* (1979), 58 Ohio St. 2d 344 [12 O.O.3d 313], the prosecutor stated that a subpoena had been issued, and that "he had had 'Cincinnati police officers * * * and other individuals looking for her,' that they had gone to her address, and that she did not live at the address where she said she lived during grand jury testimony, or at her prior address. He said further that they had been unable to locate her." *Id.* at 347-348. The court found this to be insufficient, holding that the evidence of unavailability "must be based on the personal knowledge of witnesses rather than upon hearsay not under oath, at least when unavailability has not been clearly conceded by defendant." *Id.* at 348.

A review of the record shows that the prosecution offered no sworn testimony of its efforts to find the witness. The sole support offered consisted of representations of the prosecutor that subpoenas had been issued, that Huff was not present for the second trial, and that he had "specifically asked the Sheriff to make a continued search for her and they ha[d] done that." Appellee never conceded that the prosecution had made any efforts, reasonable or otherwise. A showing of unavailability under Evid. R. 804 must be based on testimony of witnesses rather than hearsay not under oath unless unavailability is conceded by the party against whom the statement is being offered. The prosecutor's representations clearly do not meet this requirement. Furthermore, the mere statement that a "continued search" had been made lacks sufficient particularity to enable the court to determine what steps had been taken and whether they were reasonable. See *Valenzuela* v. *Griffin* (C.A. 10, 1981), 654 F. 2d 707, 710. ("A simple statement by the prosecutor that the state had issued a subpoena and bench warrant and 'had been looking for her' is not enough.") The issuance of a subpoena alone does not constitute a sufficient effort when other reasonable methods are also available. Appellant has offered no explanation as to why steps such as those taken in *Madison* would not have been reasonable as to the facts of this case. Unlike *Madison,* the record contains no testimony regarding unavailability, and fails to disclose with particularity what steps were taken. It only contains representations of lesser detail than those rejected in *Smith.* The evidence of record is insufficient to establish the showings of unavailability required by Evid. R. 804 or the Confrontation Clause.

Finally, appellant maintains that if the admission of the former testimony was error, it was harmless error. The beneficiary of a federal constitutional error must prove beyond a reasonable doubt that the error complained of did

not contribute to the verdict obtained in order for the error to be harmless. *Chapman* v. *California* (1967), 386 U.S. 18; *State* v. *Smith, supra,* at 349. The prosecutor specifically referred to Huff's testimony in closing argument as showing appellee's words and actions were not consistent with her claim of self-defense. Her testimony was used as important evidence in a close case. Appellant has not shown the error to be harmless beyond a reasonable doubt.

As the evidence of record is insufficient to establish unavailability under the Confrontation Clause or Evid. R. 804, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

W. BROWN, SWEENEY and C. BROWN, JJ., concur.

CELEBREZZE, C.J., LOCHER and HOLMES, JJ., dissent.

CELEBREZZE, C.J., dissenting. Evid. R. 804 provides in part:
"(B)  Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

"(1)  Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, * * * if the party against whom the testimony is now offered * * * had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. * * *"

In the case at bar, the witness was unavailable pursuant to Evid. R. 804(A), which states,
"Definition of unavailability. 'Unavailability as a witness' includes situations where the declarant:
"* * *

"(5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance * * * by process or other reasonable means. * * *"

The majority does concede that appellee had an opportunity and similar motive to develop Huff's testimony at appellee's first trial. In fact, the majority states that Huff was "thoroughly cross-examined by appellee's counsel." In addition, the majority finds that Huff's former testimony clearly bears sufficient indicia of reliability.

Nevertheless, the majority holds that Huff's former testimony is inadmissible because the prosecutor, as the proponent of the testimony, failed to establish through sworn testimony that the witness was unavailable, even though the prosecutor explained to the trial court that subpoenas had been issued and that the county sheriff had been requested to conduct an ongoing search for the witness. In my view, such a holding is untenable and not mandated by the Confrontation Clause.

In *Ohio* v. *Roberts* (1980), 448 U.S. 56, the United States Supreme Court stated at 65:

"* * * In the usual case (including cases where prior cross-examination has occurred), the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant."

The United States Supreme Court further observed at fn. 7, at 65:

"A demonstration of unavailability, however, is not always required. * * *"

That being the case, *Ohio* v. *Roberts, supra,* requires no greater demonstration of unavailability under the Confrontation Clause than is required by our Rules of Evidence. Evid. R. 104(A) states:

"* * * Preliminary questions concerning the * * * admissibility of evidence shall be determined by the court * * *. In making its determination it is not bound by the rules of evidence except those with respect to privileges."

It is quite clear that the Rules of Evidence do not compel the formal presentation of sworn testimony on preliminary matters affecting the admissibility of evidence, yet that is precisely the nature of the majority's decision. I would hold that all that is necessary is that the prosecutor satisfy the trial court that the witness is unavailable and that a good faith attempt has been made to secure the witness' attendance. No formal testimony is necessary and, in resolving these preliminary questions of admissibility, the trial court is not bound by the Rules of Evidence. Evid. R. 104(A). See my dissenting opinions in *State* v. *Roberts* (1978), 55 Ohio St. 2d 191, 199 [9 O.O.3d 143], and *State* v. *Smith* (1979), 58 Ohio St. 2d 344, 349 [12 O.O.3d 313]. Cf. my concurring opinion in *State* v. *Young* (1983), 5 Ohio St. 3d 221, 227. As a result, the majority has not advanced any recognized constitutional guarantee, but rather announces an *"ad hoc* amendment" of the Rules of Evidence. *E.g., State* v. *Mowery* (1982), 1 Ohio St. 3d 192, 202, concurring and dissenting opinion of Celebrezze, C.J.

Accordingly, I would reverse the decision of the court of appeals below.

LOCHER and HOLMES, JJ., concur in the foregoing dissenting opinion.