MEMORANDUM DECISION AND JUDGMENT ENTRY.
Defendant-appellant, Richard Tolbert, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of conspiracy to commit aggravated arson. For the reasons that follow, we affirm the judgment of the trial court.
The record indicates that a jury trial was conducted in June 1998. In addition to other evidence, the state introduced the deposition testimony of Phillip Birdsong. The jury returned a verdict of guilty, and the instant appeal followed.
In his sole assignment of error, Tolbert argues that the trial court erred in admitting Birdsong's testimony into evidence. We find the assignment to be unpersuasive.
Tolbert first argues that the use of the deposition at trial constituted a violation of his right to confront his accusers. The Supreme Court of Ohio has held that the Confrontation Clause of the Sixth and Fourteenth Amendments is not violated by the use of an out-of-court statement, where the state demonstrates that the witness is unavailable and that the testimony bears sufficient indicia of reliability.[1]
In the case at bar, the state made a sufficient showing under each of the prongs of Keairns. First, the state informed the court that Birdsong was incarcerated in Kentucky on unrelated charges and that, therefore, the usual means of securing his presence—the issuance of a subpoena—would not be available. Thus, the trial court had before it sufficient information upon which to find the witness unavailable for trial. As to the reliability prong, the record indicates that Tolbert's counsel was aware that the deposition testimony would be used at trial. Tolbert was present with counsel at the deposition, and counsel fully and competently cross-examined Birdsong concerning the events giving rise to the charges in the case at bar. Under these circumstances, we find no constitutional infirmity in the use of the deposition testimony.
Tolbert next argues that the trial court erred in not availing itself of the procedures for compelling the attendance of an out-of-state witness provided for in R.C. 2939.26. We disagree. The statute in question need not be invoked in every situation. Rather, it is a remedy that may be used when necessary.[2]
In the instant case, we hold that the procedural safeguards described above were sufficient to preserve Tolbert's due-process rights and to ensure the reliability of Birdsong's testimony. Thus, the trial court could have reasonably found that the use of the procedure set forth in the statute was not necessary. Accordingly, we find no abuse of discretion in the trial court's refusal to invoke R.C. 2939.26.
For the reasons set forth above, we hold that Tolbert was not denied his Sixth Amendment right to confront Birdsong, and that the trial court did not abuse its discretion by permitting the state to use the deposition at trial.[3]
The assignment of error is overruled and the judgment of the trial court is affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
 Hildebrandt, P.J., Gorman and Sundermann, JJ.
 To the Clerk: Enter upon the Journal of the Court on May 7, 1999 per order of the Court ____________________________. Presiding Judge
[1] State v. Keairns (1988), 9 Ohio St.3d 228, 230,460 N.E.2d 245, 248.
[2] See State v. Young (1984), 20 Ohio App.3d 269, 272,485 N.E.2d 814, 817.
[3] See State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144, 149.