[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 480.]

GREEN, EXR., ET AL., APPELLEES AND CROSS-APPELLANTS, *v*. TOLEDO
HOSPITAL ET AL., APPELLANTS AND CROSS-APPELLEES.

[Cite as *Green v. Toledo Hosp*., 2002-Ohio-1482.]

*Attorneys at law—Kala test does not apply in determining whether attorney should be disqualified because nonattorney employee was formerly employed by attorney or firm representing an opposing party—Analysis to be used by court in ruling on motion to disqualify attorney based on attorney's employment of a nonattorney once employed by the attorney requesting an opposing party—Civil procedure—Pursuant to Civ.R. 32(A)(3)(e), prior testimony of a doctor in the same case may be submitted in a new trial as if it were deposition testimony.*

(Nos. 00-1625 and 00-1694—Submitted October 16, 2001—Decided April 3, 2002.)

APPEAL and CROSS-APPEAL from and CERTIFIED by the Court of Appeals for Lucas County, No. L-97-1457.

_____

SYLLABUS OF THE COURT

1. The *Kala* three-prong test does not apply in determining whether an attorney should be disqualified because his or her nonattorney employee was formerly employed by an attorney or firm representing an opposing party. (*Kala v. Aluminum Smelting & Refining Co., Inc.* (1998), 81 Ohio St.3d 1, 688 N.E.2d 258, distinguished.)

2. In ruling on a motion to disqualify a lawyer based on that lawyer's employment of a nonattorney once employed by the lawyer representing an opposing party, a court must use the following analysis:

(1)  Is there a substantial relationship between the matter at issue and the matter of the nonattorney employee's former firm's representation?

(2)  Did the moving party present credible evidence that the nonattorney employee was exposed to confidential information in his or her former employment relating to the matter at issue?

(3)  If such evidence was presented, did the challenged attorney rebut the resulting presumption of disclosure with evidence either that (a) the employee had no contact with or knowledge of the related matter or (b) the new law firm erected and followed adequate and timely screens to rebut the evidence presented in prong (2) so as to avoid disqualification?

3.  Pursuant to Civ.R. 32(A)(3)(e), prior trial testimony of a doctor in the same case may be submitted in a new trial as if it were deposition testimony.

_____

**PFEIFER, J.**

{¶ 1} On October 16, 1982, Donald Costell died, allegedly as the result of negligence that occurred during and shortly after his May 12, 1982 heart surgery. Appellee and cross-appellant Dolores Green[1] filed suit against appellants and cross-appellees, Dr. Robert P. Van Bergen, Dr. Harold Stevens, their respective professional organizations, and  Toledo Hospital.

{¶ 2} At trial in 1991, Green presented live testimony from an anesthesiologist, Dr. Phillip Fyman.  The defense also presented live expert testimony from Dr. Michael Nugent, a cardiac anesthesiologist, who was cross-examined by Green.  At the conclusion of the trial, the jury found for the defendants.

_____

1. This action was commenced in 1985 by Frances Costell, widow of Donald Costell, in her individual capacity and as executor of her husband's estate.  Frances Costell died in 1995.  Dolores Green, daughter of Frances and Donald Costell, continued this action in her mother's place.  Gerald Costell, their son, was added as a party plaintiff to represent his mother's estate.  For purposes of simplicity, the name Green will be used throughout when referring to the plaintiffs.

On appeal, the court of appeals reversed the judgment and remanded the cause for a new trial based on various evidentiary errors.

{¶ 3} In January 1996, before the retrial, Green filed a motion to disqualify Dr. Stevens's attorney, James R. Jeffery, and his law firm, Spengler Nathanson, L.L.P., because a secretary at the firm, Penelope Kreps, had previously been employed by Green's attorney, E.J. Leizerman, as his secretary.

{¶ 4} The trial court held an evidentiary hearing. Kreps testified that she did not have any confidences or secrets about the instant litigation to share with either Jeffery or his firm. She testified that she was not involved in trial preparation meetings or in assisting witnesses and that she had little to do with the case except for typing letters. Leizerman testified that Kreps was an integral part of the "trial team," who was present during all client and witness conferences and at all strategy. He also testified that Kreps took notes and shared in discussions of the case. The trial court overruled the motion for disqualification.

{¶ 5} At the second trial in November 1997, Green read the 1991 trial testimony of Dr. Fyman into the record. There was no objection from the defense. However, when the defense attempted to read the 1991 trial testimony of Dr. Nugent into the record, Green objected, stating that the testimony could not be read without adequate proof of unavailability under Evid.R. 804(B)(1).

{¶ 6} The defense countered that Civ.R. 32 provided an exception for doctors. See Civ.R. 32(A)(3)(e). Green did not dispute that the witness was a physician within the exception, only that there was inadequate proof submitted to the court of the witness's unavailability under the hearsay rule. The trial court found Civ.R. 32 applicable and that Dr. Nugent was "unavailable," overruled Green's objection, and allowed Dr. Nugent's testimony to be read into the record.

{¶ 7} At the conclusion of the trial, the jury found for the defense. Green appealed, claiming that attorney Jeffrey should have been disqualified and that Dr. Nugent's testimony should not have been read into the record. The court of appeals

upheld the denial of the motion to disqualify attorney Jeffrey but reversed the trial court's allowance of Dr. Nugent's testimony. The court of appeals remanded the cause for a new trial.

{¶ 8} The cause is now before this court upon the certification of a conflict and upon the allowance of a discretionary appeal and cross-appeal.

I

{¶ 9} The first issue to be determined is whether the trial court properly denied Green's motion to disqualify James Jeffery, the attorney for appellee and cross-appellant Dr. Harold Stevens. Green contends that Jeffery should be disqualified because his secretary, Penelope Kreps, formerly worked for E.J. Leizerman, the attorney for Green. For the reasons that follow, we conclude that the motion to disqualify was properly denied.

{¶ 10} In 1996, the trial court found that Jeffery should not be disqualified, applying the substantial relationship test set forth in *Baker v. Bridgestone/Firestone, Inc.* (N.D.Ohio 1995), 893 F.Supp. 1349, 1364. Subsequent to the trial court's ruling, we held in *Kala v. Aluminum Smelting & Refining Co., Inc.* (1998), 81 Ohio St.3d 1, 688 N.E.2d 258, syllabus:

"In ruling on a motion for disqualification of either an individual (primary disqualification) or the entire firm (imputed disqualification) when an attorney has left a law firm and joined a firm representing the opposing party, a court must hold an evidentiary hearing and issue findings of fact using a three-part analysis:

"(1) Is there a substantial relationship between the matter at issue and the matter of the former firm's prior representation;

"(2) If there is a substantial relationship between these matters, is the presumption of shared confidences within the former firm rebutted by evidence that the attorney had no personal contact with or knowledge of the related matter; and

"(3) If the attorney did have personal contact with or knowledge of the related matter, did the new law firm erect adequate and timely screens to rebut a

presumption of shared confidences with the new firm so as to avoid imputed disqualification?"

{¶ 11} Because Kreps is a legal secretary and not an attorney, we find *Kala* instructive but distinguishable. A crucial element of the *Kala* test is missing here. Specifically, we hold that the presumption of shared confidences that is at the core of *Kala* is inappropriate for nonattorneys. See *In re Complex Asbestos Litigation* (1991), 232 Cal.App.3d 572, 592-593, 283 Cal.Rptr. 732; *Stewart v. Bee-Dee Neon & Signs, Inc.* (Fla.App.2000), 751 So.2d 196. Many, if not most, nonattorneys at a law firm are not regularly exposed to confidential information about clients and their cases. Further, to expose nonattorneys to the same presumption as attorneys would unfairly taint them and make it more difficult for them to change employment. The California court in *Complex Asbestos Litigation* referred to such tainted nonattorneys as "Typhoid Marys." *Id.,* 232 Cal.App.3d at 596, 283 Cal.Rptr. at 746. Nonattorneys seeking employment with a lawyer or law firm in sparsely populated towns and counties would be especially hard hit by the presumption because their former employment would raise the specter of disqualification. Thus, the Kala three-prong test does not apply in determining whether an attorney should be disqualified because his or her nonattorney employee was formerly employed by an attorney or firm representing an opposing party.

{¶ 12} In cases involving nonattorney employees, the party moving for disqualification may not rely on any initial presumption, but instead must present evidence that the former employee has been exposed to confidential information in the relevant case. Once such evidence has been presented, the court must hold an evidentiary hearing in which the party moving for disqualification has the burden of proving that the nonattorney has been exposed to relevant confidential matters. Once this showing has been made, a presumption then arises that the information has been disclosed to the current employer. This presumption may be rebutted by showing that the challenged attorney's law firm has put in place sufficient screening

procedures to ensure nondisclosure, and that those procedures have been followed in this case.

{¶ 13} We hold that in ruling on a motion to disqualify a lawyer based on that lawyer's employment of a nonattorney once employed by the lawyer representing an opposing party, a court must use the following analysis:

(1) Is there a substantial relationship between the matter at issue and the matter of the nonattorney employee's former firm's representation?

(2) Did the moving party present credible evidence that the nonattorney employee was exposed to confidential information in his or her former employment relating to the matter at issue?

(3) If such evidence was presented, did the challenged attorney rebut the resulting presumption of disclosure with evidence either that (a) the employee had no contact with or knowledge of the related matter or (b) the new law firm erected and followed adequate and timely screens to rebut the evidence presented in prong (2) so as to avoid disqualification?

{¶ 14} Although it applied a different test, the trial court reached the heart of the above test. Both parties presented ample evidence and the trial judge determined, without regard to who bore the burdens of proof or persuasion, that the presumption of disclosure had been rebutted. On this issue, as the court of appeals stated, "we are not in a position to second-guess the trial judge's findings of fact."

{¶ 15} Since the trial court found that the presumption of disclosed confidences had been rebutted, we conclude that under the standard set forth today for nonattorney employees, any evidence that Kreps had contact with or knowledge of confidential information in this matter at her former employer's firm was also rebutted. We conclude that the trial court did not abuse its discretion in denying the motion to disqualify. Accordingly, we affirm the judgment of the court of appeals on this issue.

II

{¶ 16} The second issue to be determined is whether the trial court erred in allowing the defense to introduce the testimony of a witness from a prior trial. Because of our ultimate holding on this issue, we will not address whether Dr. Nugent was "unavailable" pursuant to Evid.R. 804(B)(1). For the reasons that follow, we conclude that the trial court did not err.

{¶ 17} Civ.R. 32(A) provides:

"At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any one of the following provisions:

"* * *

"(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: * * * (e) that the witness is an attending physician or medical expert, although residing within the county in which the action is heard."

{¶ 18} The court of appeals determined that Civ.R. 32 "on its face, applies only to depositions." The court accordingly was technically correct in reversing the trial court's order admitting the former trial testimony. The court of appeals' holding is in conflict with *Sudbury v. Arga Co.* (Dec. 2, 1985), Clermont App. No. CA85-03-015, unreported, 1985 WL 3970.

{¶ 19} We are persuaded that *Sudbury* addressed the issue more equitably and more in keeping with judicial economy. In *Sudbury*, the court of appeals stated:

"While the record of [the doctor's] testimony [at a hearing before the Industrial Commission] may not have been a 'deposition' within the technical definition of that term as it is normally understood and used, the testimony does bear the indicia of reliability in that it was given under oath, it was subject to cross-

examination, and it was given before an administrative body entitled to administer oaths and take testimony." *Id.,* 1985 WL 3970, at * 2.

**{¶ 20}** Thus, the court held, the testimony was properly admitted in a later jury trial of the same claim. As in *Sudbury*, the testimony in this case was given under oath and was subject to cross-examination. Dr. Nugent's testimony was even subject to cross-examination by the same party and the same attorney. In *Sudbury*, the testimony was before an administrative body; here the testimony was before a judge in the Court of Common Pleas of Lucas County.

**{¶ 21}** The court in *Sudbury* continued:

"R.C. 4123.519 and Civ.R. 32 clearly demonstrate a conscious awareness of the difficulty and problems associated with obtaining the live testimony of attending physicians and medical expert witnesses. The case at bar presents an example of the very situation contemplated by these exceptions to the live testimony of such witnesses.

"While [the doctor's] testimony is not a deposition *per se*, we would nevertheless find such testimony to be admissible since it reflects that degree of reliability and thoroughness associated with depositions designed to replace the live testimony of a witness at trial." *Id.*

**{¶ 22}** Green argues that allowing former trial testimony pursuant to Civ.R. 32(A)(3)(e) poses a risk of stale testimony. However, Green also concedes that upon a showing of unavailability, former trial testimony, however stale, may be presented. Green also argues that depositions are more likely to be fresh than former trial testimony. But given how long this case has been in the court system, there are depositions over ten years old that could be presented as testimony. Furthermore, Dr. Nugent's testimony, even if live, would be based on the medical practices in place at the time of the alleged negligence, which occurred almost twenty years ago.

{¶ 23} We agree with the court of appeals in *Sudbury* that former trial testimony is as reliable as deposition testimony. To advance the evident purpose of Civ.R. 32(A)(3)(e), we hold that, pursuant to that rule, prior trial testimony of a doctor in the same case may be submitted as if it were deposition testimony. Accordingly, we reverse the judgment of the court of appeals on this issue.

*Judgment affirmed in part,*

*reversed in part*

*and cause remanded.*

MOYER, C.J., EDWARDS and LUNDBERG STRATTON, JJ., concur.

Cook, J., concurs separately.

DOUGLAS and F.E. SWEENEY, JJ., concur in part and dissent in part.

JULIE A. EDWARDS, J., of the Fifth Appellate District, sitting for RESNICK, J.

_____

**COOK, J., concurring.**

{¶ 24} I agree with the majority's determination that neither the trial court nor the court of appeals erred in regard to the disqualification issue. I also agree with the majority's conclusion that because the trial court properly admitted the prior trial testimony of Dr. Nugent, the court of appeals' holding to the contrary warrants reversal. I do not agree, however, with the majority's reliance on Civ.R. 32(A) to reach this conclusion. Civ.R. 32(A) does not apply to former trial testimony*; it applies only to depositions*. This court should instead overrule its prior interpretation of Evid.R. 804 in *State v. Keairns* (1984), 9 Ohio St.3d 228, 9 OBR 569, 460 N.E.2d 245, and hold that the trial court properly admitted Nugent's testimony under Evid.R. 804(B)(1).

{¶ 25} When Dr. Stevens's counsel sought to proffer the prior testimony, the appellees objected on the ground of inadequate proof of unavailability as required by Evid.R. 804(B)(1). Evid.R. 804(B) provides:

"The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

"(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, * * * if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

{¶ 26} In *Keairns*, this court held that the rule "permits the admissibility at trial of former testimony taken at a previous trial upon a showing that the witness is unavailable despite reasonable efforts made in good faith to secure his presence at trial." *Id.* at paragraph two of the syllabus. Evid.R. 804(B)(1) therefore allows admission of Nugent's former testimony, which had been subject to cross-examination at the first trial, upon a sufficient showing of his unavailability.

{¶ 27} This court has held that "[a] showing of unavailability under Evid.R. 804 must be based on testimony of witnesses rather than hearsay not under oath unless unavailability is conceded by the party against whom the statement is being offered." *Id.* at paragraph three of the syllabus. But as the dissent in *Keairns* explained, *nothing* in the language of the rule requires *sworn testimony* as to unavailability. "[T]he Rules of Evidence do not compel the formal presentation of sworn testimony on preliminary matters affecting the admissibility of evidence * * *. * * * [A]ll that is necessary is that [counsel] satisfy the trial court that the witness is unavailable and that a good faith attempt has been made to secure the witness' attendance. No formal testimony is necessary and, in resolving these preliminary questions of admissibility, the trial court is not bound by the Rules of Evidence. Evid.R. 104(A)." *Keairns*, 9 Ohio St.3d at 234, 9 OBR 569, 460 N.E.2d 245 (Celebrezze, C.J., dissenting). The court should therefore overrule the third syllabus of *Keairns*, as it requires more than the rule requires.

{¶ 28} Rather than disturbing the plain language of Civ.R. 32(A), this court ought to recognize here that the correct inquiry lies under Evid.R. 804. And under Evid.R. 804(A)(4), unavailability can include situations in which a declarant "is unable to be present or to testify" because of "then-existing physical or mental illness or infirmity." Following counsel's representations, the trial court here specifically found that Nugent was "in ill health and unable to be here." Although the trial court made this finding under Civ.R. 32(A)(3)(c) ("the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment"), that standard is analogous to Evid.R. 804(A)(4). Thus, the trial court found that Nugent was unavailable, which under a proper construction of Evid.R. 804(B)(1) would permit the admission of the prior testimony.

{¶ 29} For the foregoing reasons, while I join the majority's first two syllabus paragraphs, I join the majority's disposition of the prior testimony issue in judgment only.

———————————

**DOUGLAS, J., concurring in part and dissenting in part.**

{¶ 30} I respectfully concur in part and dissent in part to the opinion of the majority. I would affirm the judgment of the court of appeals in all respects.

F.E. SWEENEY, J., concurs in the foregoing opinion.

———————————

*E.J. Leizerman & Associates* and *E.J. Leizerman,* for appellees and cross-appellants Dolores Green and Gerald Costell.

*Eastman & Smith Ltd., Rudolph A. Peckinpaugh, Jr.,* and *Michael W. Regnier*, for appellant and cross-appellee Toledo Hospital.

*Spengler Nathanson, P.L.L., James R. Jeffery* and *Teresa L. Grigsby*, for appellants and cross-appellees Harold R. Stevens, M.D., and Katchka, Friedman & Crider, Inc.

———————————