OPINION
{¶ 1} Defendant-appellant, Resum Wolderufael, appeals from the judgment of the Franklin County Municipal Court convicting him of selling beer or intoxicating liquor to an underage person, in violation of R.C.4301.69(A). Because the only evidence establishing the age of the purchaser was inadmissible hearsay, we reverse and remand.
 {¶ 2} On June 6, 2002, Officer Andre Jones, an employee of the Columbus Police Department, Vice Bureau, accompanied Maurice Demons, a confidential informant, to Brothers Drive Thru on Livingston Avenue in Columbus, Ohio. Officer Jones supplied Demons with money and searched Demons' vehicle for contraband and alcohol. Satisfied that Demons' vehicle contained no contraband or alcohol, Officer Jones, in a separate vehicle, followed Demons' vehicle into the drive-thru. While in the drive-thru, Officer Jones witnessed Demons purchase a 40-ounce bottle of English 800 Malt Liquor with the money Officer Jones had given him. After leaving the drive-thru and confirming that Demons had indeed purchased an alcoholic beverage, Officer Jones returned to the drive-thru and issued a summons to appellant, the employee who had sold the alcohol to Demons, for violating R.C. 4301.69(A).
 {¶ 3} Demons did not appear at appellant's trial because, as Officer Jones testified, he was attending West Virginia State University on the date of the trial. Therefore, in order to establish that Demons was underage at the time of the sale, the state elicited the following testimony from Officer Jones:
 {¶ 4} "Q. Now, Officer, did the confidential informant ever indicate to you what his age was?
 {¶ 5} "A. Yes.
 {¶ 6} "Q. And what did he indicate that age to be?
 {¶ 7} "A. His age —
 {¶ 8} "MR. MATHLESS: Objection. Just let — Continuing objection.
 {¶ 9} "THE COURT: So noted, a continuing objection.
 {¶ 10} "A. At the age that we signed him up he was 18, and, of course, we had to verify that through driver's records.
 {¶ 11} "BY MR. KANAI:
 {¶ 12} "Q. How long was that, when you signed him up until when he did this?
 {¶ 13} "A. I'm not sure, maybe six months or so. * * *
 {¶ 14} "Q. But it wasn't two years or more?
 {¶ 15} "A. No. No."
 {¶ 16} In overruling appellant's objection to the above testimony, the trial court accepted the state's argument that the testimony was admissible hearsay under Evid.R. 804(B)(4)(a). The state maintained that, because Officer Jones testified that Demons was out of state attending college, the state had established that Demons was "unavailable," thus satisfying the prerequisite to the admission of hearsay testimony regarding age. See Evid.R. 804(B) (statement of personal history is admissible "if the declarant is unavailable as a witness").
 {¶ 17} After the trial, the trial court found appellant guilty and sentenced him to pay a $500 fine and court costs. Appellant then filed this appeal.
 {¶ 18} On appeal, appellant assigns the following errors:
 {¶ 19} "1. The trial court violated Defendant's right to confront and cross examine witnesses under the Ohio and Federal Constitution and abused its discretion in finding that an alleged underage confidential informant witness was unavailable under Evid.R. 804 and allowing hearsay statements as to the age of the confidential informant to be introduced into evidence as unavailable witnesses simply because the witness was out of state attending college on the date of trial even though there was no proof that the prosecutor made any reasonable efforts to secure the witnesses' presence such as informing the witness of the trial date and requesting his presence, sending the witness a subpoena, or offering the witness a ride to court.
 {¶ 20} "2. The trial court violated Defendant's right to confront and cross examine witnesses under the Ohio and Federal Constitution and abused its discretion in allowing a police officer to establish the age of the confidential informant by stating that he looked at the informant's driver's license and checked his drivers license, BCI and FBI records.
 {¶ 21} "3. The evidence was insufficient and against the manifest weight of the evidence to establish that the confidential informant was an underage individual who purchased alcohol."
 {¶ 22} We will address appellant's second assignment of error first. By his second assignment of error, appellant argues that Officer Jones' testimony that Demons' drivers license, BCI and FBI records revealed that he was underage was inadmissible hearsay. We disagree. A close reading of the record demonstrates that Officer Jones testified to Demons' age from information that Demons told him, not from any information contained in records. Although Officer Jones testified that the information from Demons matched the information in his driver's records, no statement from the records was admitted into evidence. Therefore, Officer Jones' testimony regarding Demons' driver's records does not involve any out-of-court statements within the definition of hearsay and, thus, it is not excludable on hearsay grounds. State v. Eberts (Sept. 26, 2000), Franklin App. No. 99AP-1327. Accordingly, we overrule appellant's second assignment of error.
 {¶ 23} By his first assignment of error, appellant argues that the state failed to present sufficient evidence to establish Demons' unavailability so as to overcome the prohibition against hearsay contained within the Ohio Rules of Evidence, and to satisfy the Confrontation Clause of the Sixth Amendment of the United States Constitution, as applied to the states by the Fourteenth Amendment.
 {¶ 24} Although hearsay statements are generally inadmissible under the Ohio Rules of Evidence, certain hearsay statements, such as statements concerning a declarant's birth, can be admitted into evidence if the proponent of the statement establishes that the declarant is unavailable. Evid.R. 804(B)(4). Pursuant to Evid.R. 804(A)(5), a declarant is unavailable if he "is absent from the hearing and the proponent of the declarant's statement has been unable to procure the declarant's attendance (or * * * testimony) by process or other reasonable means."
 {¶ 25} Like the Ohio Rules of Evidence, the Confrontation Clause militates against the admission of hearsay. The Confrontation Clause provides: "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." As hearsay constitutes testimony from an absent witness who cannot be cross-examined or observed face-to-face by the trier of fact, the Confrontation Clause limits the admission of hearsay as evidence. State v. Keairns (1984),9 Ohio St.3d 228, 229.
 {¶ 26} Both the Confrontation Clause and Evid.R. 804 require the state, as proponent of the evidence, to establish a witness's unavailability before a trial court may admit hearsay into evidence. Keairns, supra, at 230. "A witness is not considered unavailable unless the prosecution has made reasonable efforts in good faith to secure his presence at trial." Id. If no possibility of procuring a witness exists, the state is not required to do anything to satisfy its burden to prove unavailability. State v. Young (1984), 20 Ohio App.3d 269, 270, quoting Ohio v. Roberts (1980), 448 U.S. 56, 74-75. If, however, there is a possibility that reasonable affirmative measures might produce the witness, the state must undertake those measures. Id.
 {¶ 27} A showing of unavailability under Evid.R. 804 must be based upon the testimony of a witness under oath, unless availability is conceded by the defendant. State v. Jones (June 5, 1997), Franklin App. No. 96APA11-1601. For example, in Keairns, although the prosecutor stated at trial that law enforcement officials had looked for the witness and that subpoenas had been issued, the court determined that the state failed to establish that the witness was unavailable because the state did not offer any sworn testimony of what efforts it undertook to locate the witness.
 {¶ 28} In the case at bar, appellant did not concede the unavailability of Demons. Therefore, we must examine the only evidence the state offered to establish Demons' unavailability: Officer Jones' testimony that Demons was out-of-state attending college. The state contends that, because Demons could not be served with a subpoena out-of-state, he was unavailable, and the hearsay testimony regarding his age was admissible. We disagree.
 {¶ 29} As we stated above, unavailability must be established by evidence of reasonable efforts to secure the presence of the witness. Keairns, supra, at 230. Subpoenaing a witness is only one reasonable method of securing a witness's presence and, if other methods are available to procure the witness, establishing that a subpoena cannot be served is insufficient to prove unavailability. Keairns, supra, at 232.
 {¶ 30} Here, the evidence the state offered to prove unavailability — that Demons was out-of-state — only explains why the state did not undertake the service of a subpoena, the usual method of securing a witness's presence. Despite the absence of the subpoena power, the state could have made reasonable efforts to secure Demons' presence at trial. At the very least, the state could have informed Demons of the date and location of the trial and asked that he attend. As there is no evidence that the state took this step or any other step to seek Demons' presence, he was not unavailable for purposes of the Confrontation Clause or Evid.R. 804. Barber v. Page (1968),390 U.S. 719, 725 (concluding that the witness was not unavailable when the only effort the state made to obtain the presence of the witness was to ascertain that he was imprisoned out-of-state).
 {¶ 31} The state, however, argues that, because the case file contains three subpoenas that were apparently issued to Demons, sufficient evidence existed establishing that the state undertook reasonable efforts to secure Demons' presence at trial. Although the case file contains three subpoenas issued to "Confidential Informant V-01-26," the state did not introduce testimony regarding these subpoenas at trial and, thus, we cannot consider them in determining whether the state undertook reasonable efforts. Keairns, supra, at 232. Further, it appears from the face of the subpoenas that they were sent to Officer Jones, not to Demons. No evidence exists establishing that Demons ever received or was informed of the subpoenas.
 {¶ 32} The state also argues that appellant waived any right to contest Demons' availability because appellant did not object to Officer Jones' testimony that Demons was out-of-state. We disagree. Appellant preserved his right to contest Demons' availability by objecting when the state elicited hearsay testimony regarding Demons' age from Officer Jones.
 {¶ 33} Because the state failed to establish that Demons was unavailable, Officer Jones' testimony that Demons told him that he was 18 years old was inadmissible hearsay. One of the essential elements of R.C. 4301.69(A) is that the sale in question must be to an "underage person," or a person under the age of 21 years. Because the only evidence establishing that Demons was underage at the time of the sale was inadmissible hearsay, we find that appellant was prejudiced and, thus, a new trial is warranted. Accordingly, we sustain appellant's first assignment of error.
 {¶ 34} Based upon our ruling on appellant's first assignment of error, appellant's third assignment of error is overruled as moot.
 {¶ 35} For the foregoing reasons, appellant's first assignment of error is sustained, appellant's second assignment of error is overruled, and appellant's third assignment of error is overruled as moot. The judgment of the Franklin County Municipal Court is reversed and this case is remanded to the trial court for further proceedings in accordance with law.
Judgment reversed and case remanded.
PETREE, P.J., and WRIGHT, J., concur.
WRIGHT, J., retired of the Supreme Court of Ohio, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.