OPINION
{¶ 1} On September 15, 2005, the Richland County Grand Jury indicted appellant, Shawnta Reese, on one count of aggravated burglary in violation of R.C. 2911.11 and one count of felonious assault in violation of R.C. 2903.11. Said charges arose from an incident wherein appellant went to the home of the victim, Sally Kegley, broke down the door and attacked Ms. Kegley.
 {¶ 2} A jury trial commenced on April 3, 2006. Ms. Kegley was unavailable for trial. The trial court permitted Ms. Kegley's testimony from the preliminary hearing to be admitted into evidence. The jury found appellant guilty of the felonious assault charge, but was unable to reach a verdict on the aggravated burglary charge. By sentencing entry filed April 7, 2006, the trial court sentenced appellant to four years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE APPELLANT WAS PREJUDICED BY THE TRIAL COURT'S ADMISSION OF HEARSAY BY HOLDING THAT THE EXCEPTION UNDER EVIDENCE RULE 804 (A) (5) PERMITTED THE EVIDENCE TO COME IN WHEN THE WITNESS WAS NOT LEGALLY UNAVAILABLE."
 II {¶ 5} "THE ADMISSION OF SALLY KEGLEY'S PRELIMINARY HEARING TESTIMONY WAS IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE CONFRONTATION CLAUSE CONTAINED IN THE SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AS SAID TESTIMONY DID NOT BEAR *Page 3 
SUFFICIENT INDICIA OF RELIABILITY AND DID NOT POSSESS PARTICULARIZED GUARANTEES OF TRUSTWORTHINESS."
 I {¶ 6} Appellant claims the trial court erred in finding the victim, Sally Kegley, was unavailable pursuant to Evid.R. 804(A)(5). We agree.
 {¶ 7} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 8} Appellee presented the preliminary hearing testimony of Ms. Kegley in lieu of her appearance as a witness. Appellee claimed Ms. Kegley was unavailable under Evid.R. 804(A)(5) which states the following:
 {¶ 9} " 'Unavailability as a witness' includes any of the following situations in which the declarant:
 {¶ 10} "is absent from the hearing and the proponent of the declarant's statement has been unable to procure the declarant's attendance (or in the case of a hearsay exception under division (B)(2), (3), or (4) of this rule, the declarant's attendance or testimony) by process or other reasonable means."
 {¶ ll} Appellant argues the record does not support the finding that appellee made a good faith effort to serve the witness. State v.Keairns (1984), 9 Ohio St.3d 228. *Page 4 
 {¶ 12} Ms. Kegley was originally subpoenaed on March 29, 2006 at the address, 487 Kentucky Avenue, Mansfield, Ohio. On March 30, 2006, service was returned as failure to serve with the notation "vacant." A second subpoena was issued on the day of trial, April 3, 2006, at the address, 741 Yale Avenue, Lot 75, Mansfield, Ohio. The return indicated that on April 3, 2006, there was "residential" service.
 {¶ 13} The incident that gave rise to the criminal charges occurred on August 20, 2005. At that time, Ms. Kegley's address was listed as482 Kentucky Avenue, Mansfield, Ohio. Because she appeared and testified at the preliminary hearing on August 30, 2005, it can be assumed she was successfully served.
 {¶ 14} No attempt to reach Ms. Kegley was made until approximately March 24, 2006, even though the matter had been set for trial for November 2005 and February 2006. T. at 15. For the seven months from indictment to trial, appellee attempted to contact Ms. Kegley at the wrong residence. T. at 20-21. Appellee did not have Ms. Kegley's correct address until defense counsel informed appellee on the morning of trial of the Yale Avenue address. T. at 14, 18, 21.
 {¶ 15} Appellee argues the facts point to reasonable diligence. We might agree except for two factors. Appellee's witness Elgie Knighten, Ms. Kegley's boyfriend who witnessed the incident, and his attorney, knew Ms. Kegley's address. T. at 18. In fact, a September 25, 2005 police report for Mr. Knighten indicated the correct address for Ms. Kegley. See, Report of Investigation Vehicle Report, attached to Appellant's Brief as Appendix B.
 {¶ 16} We find the lapse of time in which appellee made no effort to contact Ms. Kegley, and Ms. Kegley's correct address being available to appellee via its own *Page 5 
witness's criminal file, negates any argument of reasonable diligence. Based on the specific facts in this case, appellee failed to establish unavailability.
 {¶ 17} Upon review, we find the trial court erred in finding Ms. Kegley was unavailable and thereby erred in admitting her testimony from the preliminary hearing.
 {¶ 18} Assignment of Error I is granted.
 II {¶ 19} Based upon our decision in Assignment of Error I, this assignment is moot.
 {¶ 20} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed and the matter is remanded to said court for new trial.
 Farmer, J. Gwin, P.J. and Hoffman, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed and the matter is remanded to said court for new trial. *Page 1