[Cite as *State v. Prichard*, 2012-Ohio-1035.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| TYLER PRICHARD | : | Case No. 11CA2 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                             Pleas, Case No. 2010CR523D


JUDGMENT:                     Affirmed


DATE OF JUDGMENT:             March 14, 2012


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DANIEL J. BENOIT                          RANDALL E. FRY
38 South Park Street                      10 West Newlon Place
Mansfield, OH  44902                      Mansfield, OH  44902

*Farmer, J.*

{¶1}   On August 6, 2010, the Richland County Grand Jury indicted appellant, Tyler Prichard, on one count of aiding and abetting attempted murder in violation of R.C. 2923.02, six counts of aiding and abetting felonious assault in violation of R.C. 2903.11, one count of discharging a firearm into a habitation in violation of R.C. 2923.16, one count of intimidation in violation of R.C. 2921.03, one count of having weapons while under disability in violation of R.C. 2923.13, one count of aggravated menacing in violation of R.C. 2903.21, and one count of resisting arrest in violation of R.C. 2921.33. Several of the counts carried firearm specifications in violation of R.C. 2941.145.  Said charges arose from shots fired at several individuals in front of a home and the shooting of one of those individuals.

{¶2}   A jury trial commenced on December 2, 2010.  The jury found appellant guilty of all counts except for three of the aiding and abetting felonious assault counts and the discharging a firearm into a habitation count.  By sentencing entry filed December 14, 2010, the trial court sentenced appellant to an aggregate term of sixteen years in prison.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}   "THE TRIAL COURT ERRED BY PREVENTING THE DEFENDANT-APPELLANT FROM INTRODUCING TESTIMONY THAT WOULD EXCULPATED HIM OF ALL THE CHARGES THAT HE WAS FOUND GUILTY OF."

I

{¶5} Appellant claims the trial court erred in excluding hearsay testimony which would have exculpated him of all charges. We disagree.

{¶6} Specifically, appellant argues the trial court should have permitted a witness, his mother, Patricia Martins, to testify to statements made to her by one Eddie Davis, as the declarant was unavailable pursuant to Evid.R. 804(A)(5) and his statements were against interest under Evid.R. 804(B)(3).

{¶7} The admission or exclusion of evidence lies in the trial court's sound discretion. *State v. Sage* (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶8} Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

{¶9} Appellant proffered the excluded testimony as follows:

{¶10} "Ms. Martins will testify that she saw this Eddie Davis somewhere and was talking to him. Eddie told her that he and another fellow he wouldn't name were out in the area that night. They had a gun that they were just going to shoot up in the air. At that point Steve or Eric and Marquis confronted him, they got into arguments, eventually shots were fired, and Tyler Prichard was not there. That's the gist of what that hearsay, if it is hearsay, testimony would be." T. at 588.

{¶11} This testimony qualifies as hearsay because it was offered as evidence to prove the truth of the matter asserted, appellant's alibi defense. However, appellant argues the testimony should have been permitted under Evid.R. 804(A)(5) and (B)(3). Evid.R. 804 governs hearsay exceptions if the declarant is unavailable. Pertinent to this case is subsection (A)(5) which states the following:

{¶12} " 'Unavailability as a witness' includes any of the following situations in which the declarant:

{¶13} "(5) is absent from the hearing and the proponent of the declarant's statement has been unable to procure the declarant's attendance (or in the case of a hearsay exception under division (B)(2), (3), or (4) of this rule, the declarant's attendance or testimony) by process or other reasonable means."

{¶14} Subsection (B)(3) provides the following:

{¶15} "The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

{¶16} "*(3) Statement against interest.* A statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. A statement tending to expose the declarant to criminal liability, whether offered to exculpate or inculpate the accused, is not admissible unless corroborating circumstances clearly indicate the truthworthiness***of the statement." (Footnote omitted.)

{¶17} Mr. Davis was subpoenaed as a witness and was duly served by the Sheriff by residential service on November 24, 2010. The subpoena filed November 19, 2010 ordered him to appear before the Court of Common Pleas in Richland County, Ohio on the "2nd day of December, 2010, at 9:00 o'clock a.m. to testify as a witness on the behalf of the defendant in a certain cause pending in said Court." The subpoena instructed Mr. Davis to "not depart the Court without leave" and warned him that he may be held in contempt of court for failure to appear.

{¶18} Appellant's counsel acknowledged that Mr. Davis was present on December 2, 2010, but was not present on December 7, 2010 when he was to be called as a witness. T. at 588. Appellant argues this fact established that Mr. Davis was unavailable. We disagree with this argument. First, the subpoena was issued for one day, December 2, 2010, and was not for the continuation of the trial. Second, appellant appeared per the subpoena on December 2, 2010. Third, there was no showing in the record that appellant's counsel had made any additional efforts to secure his attendance on December 7, 2010 via a new subpoena or personal contact with Mr. Davis. And fourth, a request for a continuance to re-subpoena Mr. Davis was not made. Therefore, a showing of unavailability was not made. *State v. Keairns* (1984), 9 Ohio St.3d 228.

{¶19} Appellant also argues Mr. Davis's statements were statements against interest. Although, the statements were against Mr. Davis's pecuniary interests, no evidence was offered to establish "corroborating circumstances clearly indicate the trustworthiness of the statement."

{¶20} Admittedly, Ms. Martins testified that several individuals including appellant were at her home during the shooting (T. at 583), but there was no direct

testimony from anyone else that appellant was physically at her home at the time. There was no corroborating evidence about Mr. Davis's activities on the evening in question. The focus of the proffered testimony was not that appellant was not present at the shooting, but that Mr. Davis was present.

{¶21} Upon review, we conclude the trial court did not abuse its discretion in denying the proffered testimony under Evid. R. 804(A)(5) and (B)(3).

{¶22} The sole assignment of error is denied.

{¶23} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.

_s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ John W. Wise_____

JUDGES

SGF/sg 302

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TYLER PRICHARD | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11CA2 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellant.

_s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ John W. Wise_____

JUDGES